**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MATTHEW HECKMAN, | : | |
| | : | Electronically Filed |
| Plaintiff, | : | |
| | : | |
| v. | : | Docket No. <u>4:20-cv-01680-MWB</u> |
| | : | |
| UPMC WELLSBORO, NORTH PENN | : | |
| COMPREHENSIVE HEALTH SERVICES, | : | |
| and THE GREEN HOME, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**UPMC WELLSBORO AND THE GREEN HOME TO PLAINTIFF'S FIRST**
**<u>AMENDED COMPLAINT</u>**

Defendants UPMC Wellsboro and The Green Home (the "Answering

Defendants"), by and through their attorneys, respond as follows to the averments

of Plaintiff's First Amended Complaint and assert affirmative defenses as follows:

1.     The averments of plaintiff's so-called introduction are essentially self-

serving declarations that state ultimate conclusions without substantiating facts to

support them.  Over the years and for long before the involvement of UPMC, the

historical relationship between the key primary care provider, North Penn

Comprehensive Health Services and UPMC Wellsboro, formerly known as

Soldiers and Sailors Memorial Hospital, has always been a cooperative one for the

benefit patients in the community.  North Penn has always been its own entity,

with its own direction and ability to operate independently of UPMC Wellsboro. The position of the Answering Defendants is this: plaintiff's employment and related issues were a function of his relationship with North Penn Comprehensive Health Services, which had its own issues with Dr. Heckman, both in terms of style and his practice of medicine – those issues were otherwise unrelated to UPMC.

The Answering Defendants admit only that Dr. Heckman is a native of Tioga County in Pennsylvania.  As to the remaining averments of paragraph 1, Answering Defendants are without knowledge or information sufficient to form a belief as to their truth.

2.      Denied as stated.  Susquehanna Health System, not UPMC, acquired Soldiers and Sailors Memorial Hospital in 2012.  It is admitted that North Penn and Soldiers and Sailors had a historically mutually beneficial relationship as medical providers in the community.  The remaining averments are denied.

3.      It is admitted only that Dr. Heckman became North Penn's Chief Medical Officer and that he had a patient practice.  As to the remaining averments of paragraph 3, they are subjective claims of Dr. Heckman that the Answering Defendants are unable to answer, so they are denied.

4.      Denied.

**PARTIES**

5.      Admitted.

6.      Admitted.

7.      Denied as stated.  Dr. Heckman's various relationships with North Penn, UPMC, and The Green Home, are all governed by written instruments, the terms of which speak for themselves.  Any characterization or interpretation of these instruments is denied.

8.      Denied as stated.  UPMC Wellsboro is a non-profit health system and a subsidiary of UPMC Susquehanna.  UPMC Wellsboro had an employment agreement with Dr. Heckman, and he was assigned under that agreement to North Penn as a leased employee by which he was exclusively engaged.  When North Penn terminated plaintiff's services, UPMC no longer had a need to employ Dr. Heckman and terminated its contract.  Any remaining averments are denied.

9.      Admitted upon information and belief.

10.     Admitted.

## JURISDICTION AND VENUE

11.     The averments of paragraph 11 constitute a conclusion of law to which no response is necessary.

12.     The averments of paragraph 12 constitute a conclusion of law to which no response is necessary.

## **FACTS**

13.     The Answering Defendants admit that Dr. Heckman was born and raised in the region between the southern tier of New York and the northern tier of Tioga County.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the remaining averments of paragraph 13.

14.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14.

15.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of averments of paragraph 15.

16.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

17.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

18.     Admitted only that North Penn entered into a relationship with Soldiers and Sailors Memorial Hospital to form Laurel Health System.  The relationship is governed by written instruments, the terms of which speak for themselves.  The remaining averments are denied.

4

19.     Admitted that the acquisition by Susquehanna Health System (renamed UPMC Susquehanna on October 1, 2016) of various companies generally referred to collectively as the Laurel Health System occurred in 2012. Any remaining averments are denied.

20.     The North Penn website speaks for itself.  Any characterization, interpretation, or selective quotation is denied.

21.     The North Penn website speaks for itself.  Any characterization, interpretation, or selective quotation is denied.

22.     The averments of paragraph 22 reference the terms of a January 2020 North Penn grant application, the terms of which speak for themselves.  Any characterization, interpretation, or selective quotation is denied.

23.     The Answering Defendants admit that Dr. Heckman entered into an employment agreement with Wellsboro, which in turn leased him to North Penn. The remaining averments are denied.

24.     The Answering Defendants admit that plaintiff's relationship was defined by an agreement called the Physician Employment Agreement that was dated April 22, 2016.

25.     Admitted only that a staffing agreement was executed and that North Penn paid UPMC Wellsboro.  The remaining averments are denied.

26.     Admitted.

27.    Admitted.

28.    Admitted.

29.    Denied.

30.    The Answering Defendants admit that Dr. Heckman's contract with UPMC was terminated on April 3, 2020, based on the understanding that North Penn had terminated his service for performance and attitude-based issues. Admitted that the Green Home termination occurred simultaneously. The remaining averments are denied.

31.    The Answering Defendants admit only that Dr. Heckman was a party to an agreement involving The Green Home dated August 1, 2019. The terms of that agreement speak for themselves. Any remaining averments are denied.

32.    Denied. The agreement between The Green Home, UPMC Wellsboro, and plaintiff is in writing and its terms speak for themselves. Any interpretation, characterization, or selective quotation is denied.

33.    Denied. The agreement involving The Green Home is in writing, and its terms speak for themselves. Any interpretation, characterization, or selective quotation is denied.

34.    Denied as stated. North Penn was primarily responsible for plaintiff's assignments at The Green Home.

35.    Admitted.

6

36.    The averments of paragraph 36 are denied as a conclusion of law.  To the extent that paragraph 36 references documents that are in writing, their terms speak for themselves, and any interpretation, characterization, or selective quotation is denied.

37.    The averments of paragraph 37 constitute a conclusion of law to which no response is necessary.

38.    The averments of paragraph 38 constitute a conclusion of law to which no response is necessary.

39.    The averments of paragraph 39 constitute a conclusion of law to which no response is necessary.

40.    The averments of paragraph 40 constitute a conclusion of law to which no response is necessary.

41.    The averments of paragraph 41 constitute a conclusion of law to which no response is necessary.

42.    The averments of paragraph 42 constitute a conclusion of law to which no response is necessary.

43.    The averments of paragraph 43 constitute a conclusion of law to which no response is necessary.

44.    The averments of paragraph 44 constitute a conclusion of law to which no response is necessary.

45.     The averments of paragraph 45 constitute a conclusion of law to which no response is necessary.

46.     Denied.  The averments of paragraph 46 constitute a conclusion of law to which no response is necessary and/or directed to another party, as to which Answering Defendants are without knowledge or information.

47.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

48.     Denied.

49.     Admitted only that Janie Hilfiger was a member of North Penn's board.  The remaining averments are denied, to include the contention that she was a "prominent" member of North Penn's board.  To the contrary, she was not an officer or otherwise a "prominent" member of that board.

50.     The Answering Defendants admit only that the Wellsboro and North Penn board met on the same day in separate and sequential meetings.  The averment that some impression was created thereby and that the distinct entities were one, is denied.  The remaining averments are denied.

51.     Denied.

52.     Denied.

8

53.     Denied.  It is specifically denied that there was a "practice of siphoning Section 330 grant funds."

54.     Denied.  The Answering Defendants are without knowledge regarding the averments of paragraph 54 and same are therefore denied.

55.     Denied.  The averments of paragraph 55 constitute conclusions of law to which no response is necessary.  The same are therefore denied.

56.     Denied.

57.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 57.

58.     Denied as to any actions of UPMC Wellsboro and as to any meeting of August 20, 2019, held by Ms. Hilfiger.  North Penn decided to terminate the provision of obstetric services, not UPMC Wellsboro.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the remaining averments in paragraph 58, and they are denied.

59.     Denied that Ms. Hilfiger made any such statement to Nobles about Heckman.  Admitted that Nobles did tell Hilfiger that it was North Penn's idea to cease furnishing obstetric services at North Penn, in that they lacked sufficient providers to adequately furnish that service.  The remaining averments are denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     Denied.  After reasonable investigation, the answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 63 and the same are therefore denied.

64.     Denied.  To the contrary, Dr. Heckman continued to express his personal views to OB/GYN physicians that were working at UPMC, in an attempt to muster support for his self-serving and ill-conceived efforts to address North Penn's decision to terminate OB/GYN services.

65.     Denied.  UPMC did not charge above market rates for services; to the contrary, all rates were charged at appropriate and determined market rates, often based on the actual compensation of the involved employees providing services.

66.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 66.  As to any contentions regarding what Jamie Hilfiger supposedly said, those averments are not factual and are denied.

67.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

68.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

69.     Admitted only that Dr. Heckman expressed his opposition to the elimination of OB services on the part of North Penn to Jamie Hilfiger in September 2019 and January 2020.  The remaining averments are denied.

70.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

71.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

72.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

73.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

74.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

75.     Denied.

76.     Denied.

77.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

78.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

83.     Denied.

84.    Denied as stated.  Dr. Heckman brought to UPMC's attention his payment issue, and payments were then made without opposition or controversy. The remaining averments are denied.

85.    Denied.

86.    Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

87.    Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

88.    Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

89.    Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

90.    Admitted that a letter was issued to Dr. Heckman.  That letter is in writing and its terms speak for themselves.

91.    Denied.

92.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

93.     Denied.

94.     Denied.

95.     Denied.  The Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph.

96.     Denied.

## COUNT I: DECLARATORY JUDGMENT

### *(Against Defendants UPMC Wellsboro and North Penn)*

97.     Answering Defendants incorporate by reference their responses to paragraphs 1 through 96 above as if fully set forth herein.

98.     Denied.  The averments of paragraph 98 constitute a conclusion of law as to which no response is necessary.

## COUNT II: FALSE CLAIMS ACT RETALIATION

### *(Against Defendants UPMC Wellsboro and North Penn)*

99.     Answering Defendants incorporate by reference their responses to paragraphs 1 through 98 above as if fully set forth herein.

100.   Denied.  The averments of paragraph 100 constitute a conclusion of law as to which no response is necessary.

101.   Admitted upon information and belief.

102.   Denied.

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Denied.

108.   Denied.

109.   Denied.

## COUNT III: PENNSYLVANIA WHISTLEBLOWER LAW
### *(Against Defendants UPMC Wellsboro and North Penn)*

110.   Answering Defendants incorporate by reference their responses to paragraphs 1 through 109 above as if fully set forth herein.

111.   Denied.  The averments of paragraph 111 constitute a conclusion of law to which no response is necessary.

112.   Denied.  The averments of paragraph 112 constitute a conclusion of law to which no response is necessary.

113.   Denied.  The averments of paragraph 113 constitute a conclusion of law to which no response is necessary.

114.   Denied.  The averments of paragraph 114 constitute a conclusion of law to which no response is necessary.

115.   Denied.  The averments of paragraph 115 constitute a conclusion of law to which no response is necessary.

116.   Denied.  The averments of paragraph 116 constitute a conclusion of law to which no response is necessary.

117.   Denied.  The averments of paragraph 117 constitute a conclusion of law to which no response is necessary.

118.   Denied.

119.   Denied.

## COUNT IV: RETALIATION UNDER

## THE FAIR LABOR STANDARDS ACT

### *(Against Defendants UPMC Wellsboro and North Penn)*

120.   Answering Defendants incorporate by reference their responses to paragraphs 1 through 119 above as if fully set forth herein.

121.   Denied.  The averments of paragraph 121 constitute a conclusion of law to which no response is necessary.

122.   Denied.

## COUNT V: FAILURE TO PAY WAGES UNDER THE PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW

### *(Against Defendants UPMC Wellsboro and The Green Home)*

123.   Answering Defendants incorporate by reference their responses to paragraphs 1 through 122 above as if fully set forth herein.

124.   Denied.  The averments of paragraph 124 constitute a conclusion of law to which no response is necessary.

125.   Denied. The commitment regarding The Green Home was expressed in a writing, the terms speak for themselves.  Any characterization, interpretation, or selective quotation by plaintiff is denied.

126.   Denied.

## AFFIRMATIVE DEFENSES

Defendants UPMC Wellsboro and The Green Home (sometimes hereinafter collectively referred to as the "defendants") state the following affirmative defenses without assuming the burden of proof on any matter or issue other than those on which defendants have the burden of proof as a matter of law. Additionally, as discovery in this action has not yet commenced, defendants reserve the right to amend or otherwise supplement these affirmative defenses to the extent permitted by the Federal Rules of Civil Procedure:

## FIRST AFFIRMATIVE DEFENSE

The amended complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

The amended complaint is barred, in whole or in part, by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent he has failed to exhaust the administrative remedies made available to him.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, laches, estoppel, waiver, and/or other equitable defenses.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because all actions of defendants were proper, privileged, justified, and undertaken in good faith.

## SIXTH AFFIRMATIVE DEFENSE

All actions toward plaintiff were based upon legitimate, non-discriminatory, non-retaliatory business reasons.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and or limited by the doctrines of release, payment, and/or accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred and/or limited by the terms of plaintiff's employment agreement, including its agreed upon compensation rates.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the actions or inactions of third parties over whom defendants had no control or right of control

## TENTH AFFIRMATIVE DEFENSE

The existence of an express contract bars plaintiff's claim for an expectation of additional compensation.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's request for declaratory and injunctive relief is moot.

## TWELFTH AFFIRMATIVE DEFENSE

There remains no judiciable case or controversy regarding plaintiff's request for declaratory and injunctive relief.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff has not invoked a specific public policy of the Commonwealth that would prohibit enforcement of the non-compete provision of his employment agreement.

## FOURTEENTH AFFIRMATIVE DEFENSE

The terms of the non-compete provision within plaintiff's employment agreement are reasonable.

## FIFTEENTH AFFIRMATIVE DEFENSE

The defendants have not violated the False Claims Act ("FCA"), the Stark Law, the Fair Labor Standards Act, or any law of the Commonwealth of Pennsylvania.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's FCA retaliation claim fails because he has not engaged in any protected activity under the FCA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's FCA retaliation claim fails because UPMC Wellsboro did not know that plaintiff engaged in protected activity, to the extent he did so, which is not admitted.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's FCA retaliation claim fails because no action by UPMC Wellsboro against plaintiff was causally related to protected activity engaged in by plaintiff.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiff's FCA retaliation claim fails because plaintiff did not have an objectively reasonable belief that UPMC Wellsboro was in violation of, or was about to violate, the FCA.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiff's FCA retaliation claim fails because plaintiff's alleged objections did not plausibly put UPMC Wellsboro on notice that he was attempting to stop one or more violations of the FCA.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Pennsylvania Whistleblower Law ("WBL") claim fails because plaintiff neither made nor was about to make any good faith report of wrongdoing or waste to his employer or an appropriate authority.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's WBL claim fails because plaintiff neither made nor was about to make a good faith report of an instance of wrongdoing by UPMC Wellsboro.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's WBL claim fails because plaintiff neither made nor was about to make a good faith report of an instance of waste by UPMC Wellsboro.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's WBL claim fails because UPMC Wellsboro is not a public body.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's WBL claim fails because UPMC Wellsboro is not a covered employer for the purposes of plaintiff's WBL claims.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's WBL claim fails because UPMC Wellsboro is merely alleged to be an incidental beneficiary of monies received by North Penn.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Fair Labor Standards Act ("FLSA") retaliation claim fails because plaintiff did not make any complaint under the FLSA.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claim fails because plaintiff did not engage in protected activity under the FLSA.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claim fails because there is not causal link between any alleged protected activity by plaintiff and any adverse action against plaintiff by UPMC Wellsboro.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's FLSA claim fails because the temporal proximity between any alleged protected activity and any alleged adverse action is not unduly suggestive.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

UPMC Wellsboro's actions or omissions did not constitute a violation, willful or otherwise, of the FLSA.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

UPMC Wellsboro had reasonable grounds for believing that its actions did not violate the FLSA, thus plaintiff is not entitled to liquidated damages.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's Wage Payment and Collection Law ("WPCL") claim fails because plaintiff had no clear contractual right to compensation that was not paid to him.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's WPCL claim fails because there was not a reasonable expectation by plaintiff for additional amounts to be remitted to him which remain unpaid.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent plaintiff alleges that employment decisions were based on illegal factors, which is denied, defendants would have made the same decisions based on legal factors.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Defendants acted in compliance with the law at all times with respect to plaintiff's employment and upheld all statutory obligations imposed upon them, if any, with respect to plaintiff's employment.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Defendants acted in compliance with their contractual obligations to plaintiff.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred, in whole or in part, because defendant UPMC Wellsboro had in place at all applicable times policies prohibiting retaliation and discrimination in the workplace and exercised reasonable care to prevent and properly correct any such alleged conduct.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Defendants acted reasonably and in good faith, at all times, based upon all relevant facts and circumstances known by defendants at the time they acted.

## FORTIETH AFFIRMATIVE DEFENSE

To the extent defendants acquire any evidence of wrongdoing by plaintiff during the course of this litigation that would have materially affected the terms and conditions of plaintiff's employment or would have resulted in plaintiff being demoted, disciplined, and/or terminated, such after-acquired evidence may bar plaintiff's claims on liability or damages and/or may reduce such claims as provided by law.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Defendants' actions or inactions were not the proximate, legal, or substantial cause of any alleged damages, injury, or loss suffered by plaintiff.

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for damages is barred to the extent he has failed to mitigate his damages.

## FORTY-THIRD AFFIRMATIVE DEFENSE

All or part of plaintiff's claims are barred by the exclusive remedy provision of the Pennsylvania Workmen's Compensation Act.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Any damages sustained by plaintiff were due to his own acts or omissions, or the acts of third parties, and not the acts or omissions of defendants.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's amended complaint fails to set forth any cause of action against defendants upon which the prayers for relief within the amended complaint may be awarded.

Respectfully submitted,

McCORMICK LAW FIRM


By:  ___/s/ J. David Smith_____
       J. David Smith
       PA I.D. #27813
       Austin White
       PA I.D. #312789
       Attorneys for Defendant
       UPMC Wellsboro and
       The Green Home

       835 West Fourth Street
       Williamsport, PA 17701
       (570) 326-5131
       (570) 326-5529 (Fax)
       dsmith@mcclaw.com
       awhite@mcclaw.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

McCORMICK LAW FIRM

By:   /s/ J. David Smith
         J. David Smith
         PA I.D. #27813

Dated: August 13, 2021