

**Andrew J. Horowitz**

Direct Dial: (412) 288-2461
andrew.horowitz@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
P  (412) 566-1500
F  (412) 281-1530

March 8, 2023

The Honorable Matthew W. Brann
Chief Judge
United States District Court for the Middle District of Pennsylvania
Herman T. Schneebeli Federal Bldg. & U.S. Courthouse
240 West Third Street
Suite 218
Williamsport, PA 17701
<u>Via ECF</u>

   RE: **Heckman v. North Penn Comprehensive Health Services, et al - 4:20-cv-01680-MWB**

Dear Judge Brann:

  I am writing to request the Court's intervention with regard to a dispute with Defendant North Penn regarding the scope of its document production, and a dispute with Defendant UPMC Wellsboro regarding redactions from its document production.

### Defendant North Penn

  On February 2, 2023, Plaintiff served North Penn with two additional document requests and requested that North Penn remove redactions from its board meeting minutes. (**Exhibit A**). Plaintiff subsequently conferred by phone with North Penn's counsel on these issues. On March 6, 2023, North Penn served Plaintiff with its objections and responses to the two new document requests, (**Exhibit B**) along with a limited document production.

  At the suggestion of Plaintiff's expert, Plaintiff requested unredacted versions of previously produced board meeting minutes, all documents and correspondence relating to Operational Site Visits ("OSVs") of North Penn conducted by the U.S. Health Resources and Services Administration ("HRSA") from 2018 through 2021, along with all HRSA Forms 5A and 5B submitted to HRSA by North Penn from 2019 to 2021.

4856-2541-6021

In response, North Penn provided the final report of North Penn's 2018 OSV and the first Form 5A and Form 5B submitted by North Penn in each calendar year. Its production excluded the unredacted board meeting minutes, reports of any OSVs subsequent to 2018[1], and correspondence with HRSA relating to OSVs.

Key to Plaintiff's case theory are arguments that UPMC Wellsboro improperly dominated and controlled North Penn and its Board of Trustees and caused North Penn to act in violation of HRSA regulations. The requested documents are relevant to this case theory as follows:

1. Currently North Penn has produced board meeting minutes that are redacted except as to items discussing Plaintiff. The unredacted minutes are likely to contain discussions of North Penn's extensive business dealings with UPMC Wellsboro, board conflicts of interest with UPMC Wellsboro (a major issue because North Penn and UPMC Wellsboro had overlapping boards), and show the extent that Plaintiff's organizing against UPMC Wellsboro's improper influence affected North Penn's Board.

2. The documents relating to North Penn's HRSA OSVs would show whether HRSA recognized that North Penn was not in compliance with its regulations. The current production is not sufficient. First, it does not include North Penn's 2021 OSV. While this would have occurred subsequent to Plaintiff's 2020 termination, it would cover North Penn's compliance during a portion of the time period when Plaintiff was employed and advocating against North Penn's noncompliance. Additionally, the final report of the 2018 OSV provided by North Penn does not address whether HRSA's reviewers found any deficiencies that were raised by the reviewers and corrected by North Penn prior to the issuance of the final report (a common practice), as well as any explanations and information given to the reviewers by North Penn that would have influenced the outcome of the OSV. Ultimately, this could result in relevant evidence that Plaintiff had a good faith belief that North Penn was violating HRSA regulations, or that North Penn made false claims to HRSA.

3. HRSA Forms 5A and 5B are filed when a Federally Qualified Health Center such as North Penn changes the services it offers to the community (Form 5A) or the locations where it offers services (Form 5B). Dr. Heckman objected to proposed changes in both services and locations, that he believed to be in violation of HRSA regulations and the best interests of the rural patient community served by North Penn. The disclosures made by North Penn to HRSA are therefore relevant to determine whether North Penn made false claims to HRSA.

Despite the relevance of the requested documents, North Penn objects on the basis of confidentiality and proportionality. On the contrary, confidentiality should not be a concern because a stipulated protective order has been entered.[2] (Dkt. 76). Most (if not all) of the HRSA-related documents are also public records that would be available to Plaintiff (albeit with much delay) via a Freedom of Information Act request to HRSA. Finally, this is a small volume of documents that should not be difficult to collect and produce.

---

[1] OSVs are typically conducted every three years, and while North Penn has not confirmed this, an OSV likely occurred in 2021.
[2] Unlike North Penn, UPMC Wellsboro produced its unredacted board meeting minutes marked confidential pursuant to the protective order.
4856-2541-6021

**Defendant UPMC Wellsboro**

On February 15, 2023, UPMC Wellsboro provided a revised privilege log and document production.[3] On February 17, 2023, Plaintiff served UPMC Wellsboro with a letter (**Exhibit C**) requesting that UPMC Wellsboro either provide more information supporting its claims of privilege or reconsider such claims on certain documents because the communications in question did not (at least from the information available to Plaintiff) appear to contain communications with attorneys or communications pertaining to legal advice from attorneys. To date, UPMC Wellsboro has not responded to Plaintiff's letter.

Plaintiff therefore respectfully requests that Court order UPMC Wellsboro to provide unredacted copies of the documents listed in Exhibit C to the Court for *in camera* review to determine whether UPMC Wellsboro has raised a legitimate claim of privilege.

Sincerely,

Andrew J. Horowitz, Esquire

CC: All counsel of record via ECF

---

[3] This updated privilege log and document production was provided in response to an objection by Plaintiff that UPMC Wellsboro's earlier privilege log and redacted documents failed to provide sufficient information for Plaintiff to meaningfully assess UPMC Wellsboro's claims of privilege.

4856-2541-6021

# EXHIBIT A

Case 4:20-cv-01680-MWB   Document 94   Filed 03/08/23   Page 4 of 15

# Horowitz, Andrew

| | |
|---|---|
| **From:** | Horowitz, Andrew |
| **Sent:** | Thursday, February 2, 2023 6:13 PM |
| **To:** | J. David Smith; Austin White; Erin J. McLaughlin; Christian Antkowiak (christian.antkowiak@bipc.com) |
| **Cc:** | Fox, Bruce; Cohen, Walter; Shahverdian, Mary |
| **Subject:** | Heckman - Production Issues |
| **Attachments:** | RE: Heckman; Plaintiffs' Second Set of Requests for Production of Documents directed to North Penn 1 4894-5928-0974.pdf |

Counsel:

I'm writing regarding multiple issues with Defendants' document production:

**UPMC Wellsboro:**
- I'm following up regarding the issues with UPMC Wellsboro's privilege log, which I raised in my attached email of December 8, 2022.

**North Penn:**
- North Penn has produced numerous board meeting minutest that are heavily redacted. The redacted portions of these documents are relevant to North Penn's independence from UPMC Wellsboro and Plaintiff's claim that he was fired for whistleblowing regarding the same. Please produce North Penn's unredacted board meeting minutes for the time period 2018-2020. This is responsive to Plaintiff's RPD No. 3.
- I have also attached a second set of requests for the production of documents directed to North Penn.

Failure to produce these documents reasonably in advance of the upcoming Nobles and Hillfiger depositions may result in us needing to re-convene the depositions.

Thank you.





**Andrew J. Horowitz, Esquire**
Partner

**Obermayer Rebmann Maxwell & Hippel LLP**
525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
412.288.2461 tel | 412.281.1530 fax
andrew.horowitz@obermayer.com | www.obermayer.com



I proudly mediate with Pittsburgh Mediation Group

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HECKMAN, : | |
| : | |
| Plaintiff, : | Case No. 4:20-cv-01680-MWB |
| : | |
| v. : | The Honorable Matthew W. Brann |
| : | |
| UPMC SUSQUEHANNA, NORTH PENN : | |
| COMPREHENSIVE HEALTH SERVICES and : | |
| THE GREEN HOME, : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANT NORTH PENN COMPREHENSIVE HEALTH SERVICES RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant, North Penn Comprehensive Health Services ("North Penn") by and through its undersigned counsel, responds to Plaintiff's Second Set of Requests for Production of Documents ("Discovery Requests") as follows:

**PRELIMINARY STATEMENT**

North Penn has not completed either its discovery in this action or its preparation for trial. The information set forth below reflects North Penn's best present knowledge based upon its review and investigation to date. Furthermore, North Penn anticipates that future discovery, independent fact investigation, legal research and analysis will support additional facts and add meaning to well-known facts, as well as establish new factual conclusions and legal contentions, all of which may lead to substantial additions, changes, and variations from the contentions and responses set forth herein. North Penn further reserves the right to amend or supplement these answers or objections as may be necessary or appropriate in the future or as the discovery of additional or further information may warrant.

## **GENERAL OBJECTIONS**

North Penn objects to the Discovery Requests to the extent that they seek information and/or documents that are outside the scope of discovery, are overly broad, burdensome or oppressive, or are propounded for improper purposes, including without limitation, embarrassment, undue annoyance, harassment, burden, delay, or to increase the expense of litigation.

North Penn objects to the Discovery Requests to the extent that they request information and/or documents that are privileged or otherwise exempt from production under applicable law. Specifically, and without limitation, North Penn objects to the production of information protected by the attorney-client privilege, the work-product doctrine, common interest or joint defense privilege, or any other privilege, immunity, or doctrine recognized by statute, common law, or any other applicable state or federal rule or law.

North Penn objects to the Discovery Requests to the extent that they seek to define terms and/or characterize the evidence in this case. To the extent North Penn adopts any terms used by Plaintiff in these Discovery Requests, such adoption is specifically limited solely to these responses. North Penn objects to the Discovery Requests to the extent that they request information and/or documents already in the possession of Plaintiff.

North Penn provides the responses below in good faith without conceding the relevance or materiality of the subject matter of any response, and without prejudice to North Penn's right to object to further discovery of the subject matter of any response, and to object to the admissibility of any proof on the subject matter of any response at the time of trial.

The presence or absence of any general or specific objection to any response does not mean that North Penn does not object on any other ground.

North Penn has taken great care not to disclose information protected by one or more of the privileges or exemptions recognized by applicable law. To the extent any such disclosure is made, the disclosure is unintentional, and should not be deemed to be a waiver of any privilege or exemption.

North Penn's responses to the Discovery Requests are made in good faith to the best of North Penn's knowledge at the time of the response, and are based upon information currently known to North Penn, and are given without prejudice to North Penn's right to introduce evidence at trial contrary to any response, should our continued investigation of the facts of this dispute indicate that the facts are contrary to any response provided here.

North Penn does not agree to supplement these responses prior to trial, except where supplemental responses are required by the Federal Rules of Civil Procedure. North Penn's responses to the Discovery Requests are made in compliance with the Federal Rules of Civil Procedure, and North Penn does not agree to comply with any of the instructions or directions of Plaintiff within the Discovery Requests to the extent that such instructions or directions purport to put an obligation on North Penn that is contrary to or greater than the requirements of the Federal Rules of Civil Procedure.

North Penn objects to Plaintiff's Interrogatories to the extent that they are duplicative and seek to have North Penn provide the same information in multiple formats.

North Penn objects to Plaintiff's Interrogatories to the extent that they request North Penn to provide information or documents that do not exist or are not within North Penn's present possession, custody, or control.

Subject to and without waiving the foregoing Objections, North Penn responds as follows:

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST FOR PRODUCTION NO. 12:** All records of Operational Site Visits conducted of North Penn by the U.S. Health Resources and Services Administration ("HRSA") from 2018 through 2021, including but not limited to site visit reports, correspondence and communications with HRSA personnel and consultants relating to site visits, findings, recommendations, and meeting agendas and minutes.

*RESPONSE:*

*North Penn objects to this Request on the grounds that it is overly broad, unduly burdensome and does not state with reasonable particularity the information sought to be discovered in that it seeks all "records" which is undefined and capable of various meanings. Further, the Request seeks all reports, correspondence and communications with HRSA personnel and consultants over a three-year period. North Penn further objects to this Request as not reasonably calculated to lead to the discovery of relevant evidence in the case in that this Request is not limited to documents that relate to the claims or defenses in the instant litigation. North Penn also objects to this Request to the extent that it seeks information that would violate the personal privacy interests of North Penn's patients, employees, or others. Finally, North Penn objects to this Request as not proportional to the needs of the litigation because it seeks documents and information outside of Plaintiff's period of employment.*

*Subject to and without waiving these objections and the forgoing General Objections, North Penn produces the report of the 2018 Site Visit herewith.*

**REQUEST FOR PRODUCTION NO. 13:** All HRSA Forms 5A and 5B submitted to HRSA by North Penn during calendar years 2019 through 2021.

*RESPONSE:*

*North Penn objects to this Request as not stating with reasonable particularity the information sought to be discovered in that it appears to presume that North Penn submits a single HRSA Form 5A and 5B per calendar year, which is incorrect. North Penn further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of relevant evidence in that this Request is not limited to documents that relate to the claims or defenses in the instant litigation. Finally, North Penn objects to this Request as not proportional to the needs of the litigation because it seeks documents and information outside of Plaintiff's period of employment.*

*Subject to and without waiving these objections and the foregoing General Objections, North Penn produces the first Form 5A and Form 5B submitted for each calendar year for 2019-2021.*

| | |
|---|---|
| Dated: March 6, 2023 | **BUCHANAN INGERSOLL & ROONEY PC** |
| | */s/ Erin J. McLaughlin* |
| | Christian Antkowiak (Pa. ID No. 209231) |
| | Erin J. McLaughlin (Pa. ID No. 202044) |
| | Union Trust Building |
| | 501 Grant Street, Suite 200 |
| | Pittsburgh, PA 15219-4413 |
| | christian.antkowiak@bipc.com |
| | erin.mclaughlin@bipc.com |
| | |
| | *Attorneys for Defendant North Penn Comprehensive Health Services* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within DEFENDANT NORTH PENN COMPREHENSIVE HEALTH SERVICES RESPONSES TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS was served via email on March 6, 2023 upon the following:

Walter W. Cohen
Bruce C. Fox
Andrew J. Horowitz
Obermayer Rebmann Maxwell & Hippel LLP
200 Locust Street, Ste. 400
Harrisburg, PA 17101-1508
walter.cohen@obermayer.com
bruce.fox@obermayer.com
andrew.horowitz@obermayer.com

*Attorneys for Plaintiff,*
*Matthew Heckman*

J. David Smith
Austin White
McCormick Law Firm
835 West Fourth Street
Williamsport, PA  17701
dsmith@mcclaw.com
awhite@mcclaw.com

*Attorneys for UPMC Wellsboro*
*and The Green Home*

/s/ ***Erin J. McLaughlin***
Erin J. McLaughlin

# EXHIBIT C



**Andrew J. Horowitz**

Direct Dial: (412) 288-2461
andrew.horowitz@obermayer.com
www.obermayer.com

**Obermayer Rebmann Maxwell & Hippel LLP**

525 William Penn Place, Suite 1710
Pittsburgh, PA 15219
P  (412) 566-1500
F  (412) 281-1530

February 17, 2023

J. David Smith, Esquire
McCormick Law Firm
835 W. Fourth Street
Williamsport, PA 17701
**Via Email: dsmith@mcclaw.com**

    **RE:** *Heckman v. UPMC Wellsboro, et al*, **redactions to UPMC Wellsboro's production**

Dear Counsel:

    In reviewing UPMC's amended privilege log and attached documents (produced to us on February 15, 2023), it has become apparent that the basis for UPMC Wellsboro's claims of privilege for certain redactions are not apparent from the privilege log and redacted documents that have been provided:

1. Bates # 003621-3630: This is email chain and attachment does not list any attorneys in the email headers and the topic appears to be business-related rather than legal. Nonetheless, UPMC Wellsboro has redacted substantially all of the document based on attorney-client privilege. Please provide further information supporting these redactions or produce this document in unredacted form.

2. Bates # 002421-2422,2433,2438,2442: This email chain does not include any attorneys or contain any clear reference to legal advice, but nonetheless the emails are redacted almost entirely based on attorney-client privilege. Please provide further information supporting these redactions or produce this document in unredacted form.

3. Bates # 003785-3790,3792-3806: This email chain also contains substantial redactions, purportedly on the basis of attorney-client privilege, despite not having any attorneys included on the communication. Please provide further information supporting these redactions or produce these documents in unredacted form.

4. Bates # 003919-3923: This is a brief email from Karen Huffman to Janie Hilfiger, both non-lawyers, attaching a document regarding pediatric call update. It is entirely redacted on the basis of attorney-client privilege. Please provide further information supporting these redactions or produce these documents in unredacted form.

5. Bates # 002870: This is an email between two non-attorneys about Dr. Heckman's hospital privileges. It is redacted in large part on the basis of attorney-client privilege. Please provide further information supporting these redactions or produce this document in unredacted form.

6. Bates # 003181,3182,3190,3192,3195: These emails do not copy attorneys and pertain to the hospital administration's efforts to manage Dr. Smith's frustrations regarding Dr. Heckman returning to the hospital to perform deliveries. It is not clear why this is redacted on the basis of attorney-client privilege. Please provide further information supporting these redactions or produce this document in unredacted form.

As I stated in my email of February 2, failure to address these issues reasonably in advance of the upcoming Hilfiger and Nobles depositions may result in a need to reconvene these depositions.

Sincerely,

Andrew J. Horowitz, Esquire