IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT DIVISION

| | | |
|---|---|---|
| MATTHEW HECKMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 4:20-cv-01680-MWB |
| v. | : | |
| | : | |
| UPMC WELLSBORO and NORTH PENN COMPREHENSIVE HEALTH SERVICES, | : | |
| | : | |
| Defendants. | : | |

**NORTH PENN'S REPLY BRIEF IN SUPPORT OF MOTION TO STRIKE PLAINTIFF'S RESPONSES TO ITS CONCISE STATEMENT OF <u>MATERIAL FACTS AND TO DEEM THEM ADMITTED</u>**

North Penn Comprehensive Health Services ("North Penn") by and through its undersigned counsel hereby files this Reply Brief in Support of its Motion to Plaintiff's Undisputed Responses to Its Concise Statement of Material Facts and to Deem Them Admitted. Plaintiff's opposition to North Penn's Motion to Strike is three-fold: (1) Plaintiff all but concedes his response to North Penn's Concise Statement of Material Facts ("Response") did not comply with L.R. 56.1 but argues that, because it did not amount to "abusive conduct," it should not be stricken and (2) because he cannot dispute the material facts proffered by North Penn, he should

be permitted to muddy the waters by adding impertinent material and an affidavit that to "explain" his prior deposition testimony.

    A.    **Plaintiff's Response Contains "Redundant, Impertinent [And/or] Scandalous Material" Which May Be Appropriately Stricken Pursuant To F.R.Civ.P. 12(f).**

Plaintiff makes no effort to detail how his nonresponsive, additional assertions are (1) proper under L.R. 56.1 or (2) not "immaterial, impertinent, or scandalous." *See,* generally, ECF 161.  In fact, Plaintiff argues '"***[e]ven when the pleading is 'redundant, immaterial, impertinent, or scandalous,'*** a motion to strike should not be granted…," apparently conceding that his additional assertions are, in fact, "redundant, immaterial, impertinent [and/or] scandalous." ECF 161, p. 3 (emphasis added).

Here, there is no dispute, Plaintiff's Response is chock-full of "redundant, impertinent [and/or] scandalous material," which the Court, in its discretion can strike pursuant to F.R.Civ.P. 12(f) or refuse to consider under L.R. 56.1.  For example, in SMF 35, North Penn states "The Staffing Agreement made clear that "notwithstanding any term of this [Staffing] Agreement, **[North Penn] shall maintain independent and autonomous control and authority over the Health Center's operations** in accordance with Section 330, the implementing regulations, and HRSA policy …" ECF 127, ¶ 35 (emphasis included in original).  Plaintiff responded "[u]ndisputed that the Staffing Agreement contains this language.

Disputed that this term was complied with." But provides no citation to support his purported "dispute." ECF 137, ¶ 35. Plaintiff repeats this response, again without any citation, in response to SMF 36 too and, again, with some slight variation in language in SMF 38, 39. *Id.* at ¶ 36, 38, 39.

In SMF 42, North Penn states "[notably] North Penn submitted and fully disclosed the terms of the Staffing Agreement between North Penn and UPMC to HRSA" and that "HRSA approved of the relationship between North Penn and UPMC, citing the deposition testimony of North Penn's corporate representative and its Chief Executive Officer. ECF 127, ¶ 42. Although Plaintiff does not have a single record fact to dispute North Penn's SMF, relying upon his unsupported and unsworn "assertions," he responds as follows:

> Disputed. Plaintiff's Request for Production No. 14 to North Penn requested "All documents and correspondence referring to, relating to, or evidencing the United States Health Resources and Services Administration's ("HRSA") purported approval of North Penn's staffing agreement with UPMC, as described by Mr. Nobles on page 95, lines 5-11 of his March 14, 2023 deposition." (Ex. 15 North Penn's Responses to Plaintiff's Third Requests for Production). In response, North Penn cited documents it had already produced at Bates Ranges NP 961-63, 807-960. *Id.* A review of these Bates ranges shows no documentation of a process by which HRSA approved the staffing agreement as Nobles described in his testimony. Rather, at best, the staffing agreement was attached to North Penn's HRSA grant application and provided to the HRSA governance reviewer during North Penn's 2018 operation site visit. Neither resulted in any objection to the staffing agreement by HRSA. Regardless, there is no dispute that the Staffing Agreement facially complied with HRSA guidelines. Rather,

3

> Heckman asserts that the Staffing Agreement was implemented in a manner not compliant with HRSA guidelines, [sic] and at times, the plain language of the Staffing Agreement.

ECF 137, ¶ 42.

Plaintiff's counsel seeks to avoid the record facts of this case in the Response by spinning a narrative that is not supported by the record and, at best, is supported by Plaintiff's "beliefs" and opinions. Courts in this district have specifically rejected attempts to create a narrative that is unsupported by the record facts. Faced with similar conduct, the Court in *Williams v. Penn State University*, 2023 WL 6626789, at *3 (M.D. Pa. October 11, 2023) instructed:

> Though counsel may think of themselves as modern day Daniel Websters, no amount of yarn spinning in a Statement of Material Facts will move the Court beyond the bounds of "ordinary range of thought and feeling." If the parties agree on a fact, the Court will accept the fact as stated. If they do not, the Court will look to the parts of the record cited by each party and make its own determination. No more, no less. [Plaintiff] could have denied each of the SMF's paragraphs with citations to the record, and that would have been sufficient to obviate any concerns of a false narrative.

To avoid the impermissible "yarn spinning," courts in the Middle District have repeatedly held that "Local Rule 56.1 does not permit a non-moving party to file an additional statement of material facts **that does not respond to the moving party's statement**." See *Williams,* 2023 WL 6626789, at *3 (Rule 56.1 "requires the nonmoving party's statement of facts to respond to the numbered paragraphs set forth in the moving party's statement, and to 'include references to the parts of the

4

record that supports the statements.'")(emphasis added). And, "[w]here the non-movant fails to abide by these requirements of Rule 56.1, the movant's uncontroverted statements of fact may be deemed admitted." *Id.*

To avoid these consequences, Plaintiff claims that he is permitted to add additional facts that refute North Penn's factual statements. North Penn agrees. However, this is not what Plaintiff did here. By way of example, in SMF 33, North Penn states "[o]n June 1, 2018, North Penn entered into a Staffing Agreement with Soldiers & Sailors Memorial Hospital." ECF 127, ¶ 33. In response, Plaintiff admits the stated fact ("Undisputed that North Penn and SSMH entered into the Staffing Agreement on June 1, 2018") but states that "the purpose is disputed" because "Dr. Heckman **believes** that the purpose of the Staffing Agreement and the Affiliation Agreement that preceded it was to cement UPMC Wellsboro's control over North Penn" and cites his **Sham Affidavit** to support his belief as to the purpose of the agreements, which has nothing to do with North Penn's properly supported fact. ECF 137, ¶ 33 (emphasis added).

Accordingly, because Plaintiff's Response is not supported by record citations and/or does not respond to North Penn's Statement of Facts, it should, with the exception of Plaintiff's responses to SMF 99 and 126, be stricken or disregarded. *See Farmer v. Decker,* 353 F. Supp. 3d 342, 347 n.1 (M.D. Pa. 2018) (disregarding non-movant's additional statement of facts for non-compliance with Local Rule

56.1); *Barber v. Subway*, 131 F. Supp. 3d 321, 322 n.1 (M.D. Pa. 2015) (declining to consider separate counter-statement of facts that was non-responsive to the movant's statement because it was "neither contemplated nor permitted by the Local Rules"); *see also Rau v. Allstate Fire & Cas. Ins. Co.,* 793 Fed. App'x 84, 87 (3d Cir. 2019) (upholding district court decision to strike non-movant's non-responsive counter-statement of facts under Local Rule 56.1); *Weitzner v. Sanofi Pasteur Inc.,* 909 F.3d 64, 613–14 (3d Cir. 2018) (upholding district court decision to strike non-responsive paragraphs from non-movant's answer to movant's statement of material facts under Local Rule 56.1).

**B.     North Penn Does Not Have To Establish Plaintiff Engaged In Abusive Conduct For His Non-Compliant Response To Be Stricken Or Disregarded.**

Next, Plaintiff argues that, although his submission contains "redundant, impertinent, or scandalous" material, it should not be stricken because the surplusage does not amount "abusive conduct." *See* ECF 161, pp. 2-3, 9-10. Plaintiff, however, has cited no case to support his contention that his flagrant violation of L.R. 56.1 should be condoned because it did not amount to "abusive conduct." Instead, Plaintiff attempts to add an "abusive conduct element" in his challenge to the cases North Penn cited in its principal brief. For example, he argues that *Ward v. Noonan*, 147 F.Supp.3d 262, 270 n.3 (M.D. Pa. 2015) is distinguishable because "the plaintiff denied the defendant's averments of facts and presented additional, irrelevant facts

6

and arguments as to the merits of the case." ECF 161, p. 9. That is, however, exactly what Plaintiff did here. By way of example, North Penn's SMF 112 asserted:

> On September 20, 2019, Nobles advised the Executive Committee of the Board of Directors of North Penn of Heckman's "continued poor performance and openly hostile and confrontational interaction with leadership." Ex. H – Nobles Ex. 8. The Board requested that Nobles provide more detail at an Executive Session at the next full Board Meeting. Ex. H – Nobles Ex. 8.

ECF 127, ¶ 112. Plaintiff's response purports to deny these facts but instead provides completely irrelevant assertions and argument:

> Undisputed that Mr. Nobles documented this meeting in his memorandum. Disputed as to what occurred during the meeting, as Mr. Poirier (the board chair) testified that he was merely advised by Mr. Nobles [sic] regarding Dr. Heckman's removal as CMO and ongoing performance issues with Dr. Heckman, but that board members were not asked to provide input. (Ex. 6, Poirier Dep. 71:6-72:15).

ECF 137, ¶ 112. This is simply no different than Plaintiff's conduct in *Ward*. And, Plaintiff's conduct here should suffer the same fate as the Plaintiff in *Ward*.

For the reasons set forth herein and in Plaintiff's principal brief, North Penn respectfully requests the Court grant its Motion and strike or not consider the information Plaintiff asserted in paragraphs 1, 3, 7, 8, 10, 34, 35, 36, 38, 39, 43, 44, 49, 50, 54-60, 67, 69-88, 94-96, 101-106, 108-110, 112-115, 117, 120, 121, 128, 129, 133, 137, 140, 142, 146, 147, 154, 156, 159, 163, 166, 170, 172-175, 180, 181,

186, 190, 192, and 193-196 of Plaintiff's Response and deem admitted North Penn's SMF, paragraphs 1-205, with the exception of paragraphs 99 and 126.

Dated: June 4, 2024            Respectfully Submitted,

BUCHANAN INGERSOLL & ROONEY PC

*/s/ Erin J. McLaughlin*
Christian Antkowiak (PA 209231)
Erin J. McLaughlin (PA 202044)
Union Trust Building
501 Grant Street, Suite 200
Pittsburgh, PA 15219-4413
christian.antkowiak@bipc.com
erin.mclaughlin@bipc.com

*Attorneys for Defendant North Penn Comprehensive Health Services*

## CERTIFICATE OF COMPLIANCE PURSUANT TO LOCAL RULE 7.8(b)(2)

Pursuant to Local Rule 7.8(b), it is hereby certified that the foregoing Reply Brief in Support of its Motion to Strike All Facts Alleged in Plaintiff's Undisputed Responses and Deem Admitted All Paragraphs of Defendant North Penn's Comprehensive Health Services' Concise Statement of Material Facts is 1,678 words in length (exclusive of this certificate, and the certificate of service), according to the word processing system used to prepare it, and that the brief therefore complies with the Local Rule.

*/s/ Erin J. McLaughlin*
Erin J. McLaughlin
*Attorney for Defendant North Penn Comprehensive Health Services*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

>*/s/ Erin J. McLaughlin*
>Erin J. McLaughlin
>*Attorney for Defendant North Penn*
>*Comprehensive Health Services*

Dated:  June 4, 2024