# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
### WILLIAMSPORT DIVISION

MATTHEW HECKMAN,                             :
                                             :
             Plaintiff,                      :
                                             :     Case No. 4:20-cv-01680-MWB
v.                                           :
                                             :
UPMC WELLSBORO and NORTH                     :
PENN COMPREHENSIVE HEALTH                    :
SERVICES,                                    :
                                             :
             Defendants.                     :
                                             :

## NORTH PENN'S BRIEF IN SUPPORT OF MOTION
## FOR RECONSIDERATION

Dated:  September 13, 2024          Respectfully Submitted,

                                   BUCHANAN INGERSOLL & ROONEY PC

                                   */s/ Erin J. McLaughlin*
                                   Christian Antkowiak (PA 209231)
                                   Erin J. McLaughlin (PA 202044)
                                   Union Trust Building
                                   501 Grant Street, Suite 200
                                   Pittsburgh, PA 15219-4413
                                   christian.antkowiak@bipc.com
                                   erin.mclaughlin@bipc.com

                                   *Attorneys for Defendant North Penn*
                                   *Comprehensive Health Services*

Defendant, North Penn Comprehensive Health Services, by and through its undersigned counsel, files this Brief in Support of its Motion for Reconsideration of the Court's Order denying North Penn's Motion for Summary Judgment as to Plaintiff's FLSA retaliation claim (Count IV).

## I.  **Introduction**

In its August 30, 2024, Memorandum Opinion, the Court granted summary judgment for North Penn as to Plaintiff's claims under the False Claims Act and Pennsylvania Whistleblower Law (Counts II and III). (ECF No. 173 at 36.[1]) However, the Court denied North Penn's Motion for Summary Judgment as to Plaintiff's FLSA retaliation claim (Count IV), on the basis that, in the Court's view, "Defendants have not meaningfully addressed Heckman's claims[.]" (*Id.* at 42.) In its Memorandum Opinion, the Court suggested that North Penn's only argument on Plaintiff's FLSA claim was that it was not his "employer for purposes of his FLSA claim[.]" (*Id.* at 39.) To be sure, North Penn did argue that it "was not Heckman's employer during the events in question," but it also argued that "he did not engage in any protected activity under the FLSA, and North Penn was never given notice that any of his complaints raised FLSA violations." (ECF No. 129 at 32.) Because

---

[1] Citations to page numbers refer to the page numbers stamped on the document by the Court's CM/ECF system.

the Court appears to have overlooked these arguments, it should grant reconsideration and, in turn, grant summary judgment for North Penn on Count IV.

## II.   <u>Legal Standard</u>

"The proper vehicle for reconsideration is Federal Rule of Civil Procedure 54, which provides the Court with discretion to 'modify any earlier order.'" *Moss v. Pennsylvania State Univ.*, No. 22-cv-00529, 2023 WL 6988356, at *1 (M.D. Pa., Oct. 23, 2023) (quoting *Confer v. Custom Eng'g Co. Emp. Health Benefit Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991)). To grant a motion for reconsideration, the Court must find "good cause for why [it] should revisit its prior decision." *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (citing *Confer*, 760 F. Supp. at 77). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Moss*, 2023 WL 6988356, at *1. "Rather, the [moving party] must show that the court overlooked facts or arguments which might reasonably have led to a different outcome." *Ostrowski v. Killion*, No. 14-cv-1727, 2015 WL 6460420, at *1 (M.D. Pa., Oct. 23, 2015).

## III.   <u>Argument</u>

In denying North Penn's Motion for Summary Judgment as to Count IV, the Court appears to have overlooked North Penn's argument that Plaintiff "did not engage in any protected activity under the FLSA, and North Penn was never given

notice that any of his complaints raised FLSA violations." (ECF No. 129 at 32.) Instead, the Court focused on whether Plaintiff established that North Penn was his employer. (ECF No. 173 at 36.) The Court should revisit its decision and address these arguments, which provide a basis to grant summary judgment as to Count IV.

With all due respect to the Court's observation that "Defendants simply ran out of steam when it came to Heckman's FLSA claims," that observation does not apply to North Penn, which fully addressed Plaintiff's FLSA retaliation claim. As set forth in North Penn's Brief in Support of its Motion for Summary Judgment:

> In order to establish a case of retaliation under the FLSA, a plaintiff must show that (1) he engaged in protected activity; (2) his employer took an adverse employment action against him; and (3) there was a causal link between the plaintiff's protected action and the employer's adverse action. *Kovach v. Turner Dairy Farms, Inc.*, 929 F. Supp. 2d 477, 499 (W.D. Pa. 2013).

> Heckman contends that he engaged in protected activity by complaining that UPMC failed to provide him with any compensation owed to him for his work as the Medical Director of the Green Home. (Am. Compl. ¶¶ 80, 83-85.) However, in discovery, Heckman fails to identify any specific deduction from his pay by North Penn. And, Heckman admitted that during his engagement with North Penn, UPMC paid his entire base salary as set forth in the Heckman Employment Agreement. (SOF ¶ 181.) Heckman further admitted that North Penn (and UPMC) did not fail to pay him any incentive compensation owed under the Heckman Employment Agreement. (SOF ¶ 182.) He asserts only in his Amended Complaint that UPMC Wellsboro failed to pay him for unspecified work performed on behalf of the Green Home and that his obstetric services were terminated by UPMC Wellsboro. (Am. Compl. ¶¶ 80, 82-85.) The FLSA, however, does not govern contractual entitlement to and failure to pay wages, that is the Pennsylvania Wage Payment and Collection Law. And, these allegations do not complain of improper deductions from his pay check

as a matter of law to establish an FLSA violation. *See Walsh v. Bril-Jil Enters.*, No. 15-872, 2016 U.S. Dist. LEXIS 147691, at *14 (D.N.J. Oct. 24, 2016).

> Put simply, Heckman cannot show that he made any complaints about FLSA violations. He did not complain, informally or otherwise, to North Penn that it was violating the FLSA by misclassifying him or improperly deducting from his pay. His vague complaints about UPMC Wellsboro failing to pay him proper compensation and the removal of his obstetrics practice are not sufficient to alert North Penn of a possible FLSA violation.

(ECF No. 129 at 32-33.)

To be sure, at the motion-to-dismiss stage, the Court noted that "the case is close" whether Plaintiff adequately pled that he engaged in FLSA-protected activity. *Heckman v. UPMC Wellsboro*, No. 20-cv-01680, 2021 WL 2826716, at *23 (M.D. Pa., July 7, 2021). "While at the motion-to-dismiss stage of proceedings a district court is obligated to accept the allegations in a plaintiff's complaint as true, it does not accept mere allegations as true at the summary judgment stage."[2] *Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 330 (3d Cir. 2016). Instead, "summary judgment is essentially 'put up or shut up' time for the non-moving party: the non-moving party must rebut the motion with ***facts in the record*** and ***cannot rest solely on assertions made in the pleadings, legal memoranda, or oral argument***." *Berckeley Inv. Group,*

---

[2] For that reason, any suggestion by Plaintiff that the Court is bound by its conclusion that Plaintiff had adequately pled protected activity is wrong. *See Corliss v. Varner*, 247 F. App'x 353, 354 (3d Cir. 2007) (noting that the law of the case doctrine is inapplicable "where the legally relevant factors differ between a motion to dismiss, which relies on plaintiff's allegations in his complaint, and a motion for summary judgment which relies on the evidence in the record").

*Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (emphasis added). And "if the non-moving party has the burden of proof at trial, that party must set forth facts sufficient to establish the existence of an element essential to that party's case." *Id.* Here, Plaintiff failed to adduce any evidence – as opposed to arguments in his brief – to support his allegations that he engaged in protected activity.

According to Plaintiff, he "advocated for fair compensation in line with his employment contracts." (ECF No. 136 at 24.) He says that "he asked to be paid at [sic] for his work at The Green Home" and "repeatedly asked to have his RVU target lowered to the level of a regular family medicine physician[.]" (*Id.* at 25-26.) From these vague statements – made at unspecified times to individuals whom Plaintiff hasn't even identified – he asks the Court to conclude that he was complaining about "an improper deduction" and that "North Penn did not intend to pay [him] on a salary basis." (*Id.* at 40.)

This is a complete *post hoc* re-imagining of what actually transpired. There is not a shred of evidence – not in Plaintiff's testimony, not in the exhibits he submitted in his Appendix, ***nowhere*** – that when he "asked to be paid" for his work at The Green Home or "asked to have his RVU target lowered," he was somehow complaining about improper deductions from his wages jeopardizing his exempt status and entitling him to overtime pay. The words "deduction," "exemption," "overtime," or even "wages" do not appear anywhere in Plaintiff's testimony

because they were never uttered by Plaintiff to anyone at North Penn, such that it could have had notice that he had any FLSA-related concerns. (*See* ECF No. 141-3 at 202-206.)

Indeed, even in his Amended Complaint, Plaintiff did not frame his alleged complaints in that manner. (*See, e.g.*, ECF No. 26 ¶ 122 (alleging that "UPMC Wellsboro and North Penn retaliated against Dr. Heckman by firing him when they became frustrated with his repeated insistence on being paid for his work at the Green Home and being allowed to earn his contracted wage at North Penn by performing obstetrics services").) It wasn't until he filed his response to North Penn's Motion to Dismiss that his contract-based complaints transformed into something they never were before (complaints about improper deductions under the FLSA) in a last-ditch attempt to save this claim from dismissal. (ECF No. 46 at 23.) The about-face was necessary because, in Plaintiff's own words, he was complaining about "being allowed to earn his contract wage at North Penn[.]" (ECF No. 26 ¶ 122.) But "under settled law, the FLSA neither converts an employer's contract breach into a violation of federal law, nor generally federalizes disputes between employers and employees." *Dunn v. Sederakis*, 143 F. Supp. 3d 102, 110–11 (S.D.N.Y. 2015) (citations omitted).

The lone decision on which Plaintiff relied, *Walsh v. Bril-Jil Enters.*, No. 15-cv-0872, 2016 WL 6246764 (D.N.J., Oct. 24, 2016), doesn't help him. In *Walsh*, the

"[p]laintiff was to receive a weekly salary of $800," but the defendants "admitted that they made deductions to [his] pay based upon the amount of hours he worked," thereby defeating his exempt status. *Id.* at *5. Here, by contrast, there is no evidence of any such deductions from Plaintiff's base salary (or that Plaintiff ever complained *at the time* about there being any such deductions).[3] This is a rewriting of the record.

As this Court has recognized, "deductions are generally only improper **where they impact the employee's salary**, not fringe benefits **or bonus compensation**." *Heckman*, 2021 WL 2826716, at *22 (emphasis added). Plaintiff admitted during his deposition that his compensation for work at The Green Home "was not [his] base salary." (ECF No. 141-3 at 203.) Thus, even if he was not paid that amount (which he ultimately was), it would not have amounted to an improper deduction under the FLSA. Likewise, Plaintiff's RVU target only affected his bonus. As he put it in his brief, "[f]or RVUs at or below target, he was paid only base salary." (ECF No. 136 at 25.) But there's no suggestion, much less evidence, that he was ever paid less than his base salary. So, his RVU-related complaint had nothing to do with deductions,

---

[3] The decision on which the Court relied in denying North Penn's Motion to Dismiss is also inapposite and does not support the conclusion, at the summary-judgment stage, that Plaintiff engaged in protected activity. *Heckman*, 2021 WL 2826716, at *23 n.256 (citing *Hong Nguyen v. KARAG Ford of Pittsburgh, LLC*, No. 19-cv-986, 2020 WL 6063490, at *4 (W.D. Pa., Oct. 14, 2020)). In *Hong Nguyen*, though the plaintiff did not expressly reference the FLSA, he claimed "to have specifically complained about missing overtime payments – which is under the FLSA's purview[.]" 2020 WL 6063490, at *4. Here, however, Plaintiff's alleged complaints were not about overtime or anything else "under the FLSA's purview." They were about the alleged failure to make a contracted payment and adjust his RVU target, neither of which implicates the FLSA.

his exempt status, or anything else related to the FLSA. He was complaining that his RVU bonus was going to be lower because of the removal of the obstetric services from his practice – which has nothing to do with the FLSA. (ECF No. 136 at 40.)

Absent some language connecting his complaints *at the time* to the protections of the FLSA, Plaintiff cannot establish that North Penn had "fair notice that [he was] making a complaint that could subject [North Penn] to a later claim of retaliation" under the FLSA. *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). Under *Kasten*, "[n]o particular form of complaint is required, as long as a reasonable, objective person would have understood the employee to have put the employer on notice of an assertion of rights." *Whited v. New Cafe at Greystone Gardens*, 18-cv-1811, 2020 WL 1271681, at *6 (M.D. Pa., Mar. 17, 2020) (quoting *Bedolla v. Brandolini*, No. 18-cv-146, 2018 WL 2291117, *3 (E.D. Pa. May 18, 2018)). Stated differently, the "complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of **rights protected by the statute** and a call for their protection." *Kasten*, 563 U.S. at 14 (emphasis added). On this record, no reasonable employer could reach that conclusion. In Plaintiff's own words, his complaints were about not getting paid his "contracted payment." (ECF No. 136 at 40.) The FLSA doesn't protect such complaints. *See, e.g.*, *McNamara v. Associated Press*, 40 F. Supp. 3d 345, 354 (S.D.N.Y. 2014) (granting summary judgment where "the only evidence in the

record … establishes that plaintiff complained only that she had not been paid what she had been promised, not that defendant was violating the FLSA").

As North Penn argued in its Brief in Support of its Motion for Summary Judgment, Plaintiff "did not engage in any protected activity under the FLSA, and North Penn was never given notice that any of his complaints raised FLSA violations." (ECF No. 129 at 32.) Because the Court did not consider this argument in denying North Penn's Motion for Summary Judgment, it should revisit its prior decision. And because Plaintiff has not established that he engaged in any form of protected activity under the FLSA, the Court should grant summary judgment to North Penn as to Count IV.

### IV.     Conclusion

For the foregoing reasons, North Penn respectfully request that the Court grant its Motion for Reconsideration and grant summary judgment for North Penn as to Count IV.


Dated:  September 13, 2024              Respectfully Submitted,

                                       BUCHANAN INGERSOLL & ROONEY PC

                                       */s/ Erin J. McLaughlin*
                                       Christian Antkowiak (PA 209231)
                                       Erin J. McLaughlin (PA 202044)
                                       Union Trust Building
                                       501 Grant Street, Suite 200
                                       Pittsburgh, PA 15219-4413

christian.antkowiak@bipc.com
erin.mclaughlin@bipc.com

*Attorneys for Defendant North Penn*
*Comprehensive Health Services*

## <u>CERTIFICATE OF COMPLIANCE PURSUANT</u><br><u>TO LOCAL RULE 7.8(b)(2)</u>

Pursuant to Local Rule 7.8(b), it is hereby certified that the foregoing Reply Brief in Support of its Motion for Reconsideration is 2,170 words in length (exclusive of this certificate and the certificate of service), according to the word processing system used to prepare it, and that the brief therefore complies with the Local Rule.

*/s/ Erin J. McLaughlin*
Erin J. McLaughlin
*Attorney for Defendant North Penn*
*Comprehensive Health Services*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a true and correct copy of this document via the Court's CM/ECF system, pursuant to the Federal Rules of Civil Procedure.

*/s/ Erin J. McLaughlin*
Erin J. McLaughlin
*Attorney for Defendant North Penn*
*Comprehensive Health Services*

Dated:  September 13, 2024