IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HECKMAN, | No. 4:20-CV-01680 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NORTH PENN COMPREHENSIVE HEALTH SERVICES and UPMC WELLSBORO, | |
| Defendants. | |

MEMORANDUM OPINION

OCTOBER 29, 2024

## I.  BACKGROUND

On August 30, 2024, the Court resolved the Motions for Summary Judgment filed by Defendants North Penn Comprehensive Health Services ("North Penn") and UPMC Wellsboro ("UPMC").[1] The surviving claims in this case are limited to Plaintiff Matthew Heckman's Fair Labor Standards Act ("FLSA") retaliation claims against both North Penn and UPMC and North Penn's breach of contract counterclaim. After reviewing the Court's August 30, 2024 Memorandum Opinion, Heckman and North Penn filed Motions for Reconsideration challenging aspects of this opinion. These motions are now ripe for disposition; as I find neither motion has merit, I deny them both.

---

[1] Doc. 173 (Aug. 30, 2024 Mem. Op.).

## II. DISCUSSION

### A. Reconsideration Standard

Although the "legal standard regarding motions for reconsideration of orders granting partial summary judgment is not entirely cohesive," I follow "the better-reasoned view that motions for reconsideration of interlocutory orders … are motions under Federal Rule of Civil Procedure 54(b)."[2] "Therefore, reconsideration of such orders may be had even if the movant cannot show an intervening change in controlling law, the availability of new evidence that was not available when the court issued the underlying order, or 'the need to correct a clear error of law or fact or to prevent manifest injustice.'"[3] "Instead, the court may permit reconsideration whenever [it is] 'consonant with justice to do so.'"[4]

But a movant "must still establish good cause for why the court should revisit its prior decision."[5] Critically, a reconsideration motion cannot "be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant."[6] No party will receive a "second bite at the apple."[7]

---

[2] *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016) (Caldwell, J.).
[3] *Id.* (quoting *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).
[4] *Id.* (quoting *St. Mary's Area Water Auth. v. St. Paul Fire & Marine Ins. Co.*, 472 F. Supp. 2d 630, 632 (M.D. Pa. 2007) (Caldwell, J.)).
[5] *Id.* (citing *Confer v. Custom Eng'g Co. Emp. Health Benefit Plan*, 760 F. Supp. 75, 77 (W.D. Pa. 1991)).
[6] *Id.*
[7] *Id.* (quoting *Kropa v. Cabot Oil & Gas Corp.*, 716 F. Supp. 2d 375, 378 (M.D. Pa. 2010)).

## B. North Penn's Motion for Reconsideration

North Penn asserts that "the Court appears to have overlooked [its] argument that Plaintiff 'did not engage in any protected activity under the FLSA, and North Penn was never given notice that any of his complaints raised FLSA violations.'"[8] According to North Penn, "[i]nstead the Court focused on whether Plaintiff established that North Penn was his employer."[9] North Penn's confusion can be traced to the somewhat strange posture of this claim. I therefore take a moment to clarify the reasoning behind the Court's decision.

### 1. The FLSA Claim Against UPMC Survived Summary Judgment

For Heckman to prevail on a FLSA retaliation claim, he would need to "show: (1) participation in an activity protected by the FLSA; (2) an adverse employment action taken by the employer; and (3) a causal connection between the protected activity and the employer's adverse action."[10] As the Court noted in the August 30, 2024 Memorandum Opinion, UPMC set forth "only the tersest of arguments" when seeking summary judgment on Heckman's FLSA claim. Since UPMC conceded that Heckman had engaged in protected activity and the Court properly rejected UPMC's

---

[8]  Doc. 177 (Brief in Support of North Penn's Motion for Reconsideration) at 2-3.
[9]  *Id.* at 4.
[10] *Alberto v. City of Newark*, Civ. Action No. 24-648, 2024 U.S. Dist. LEXIS 190613, at *4 (D.N.J. Oct. 21, 2024) (citing *Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 300 (3d Cir. 2007)).

remaining arguments, Heckman's FLSA retaliation claim against UPMC survived the motion for summary judgment.

### 2. UPMC and North Penn are Joint Employers

"Under the FLSA, multiple persons or entities can be responsible for a single employee's wages as 'joint employers' in certain situations."[11] In my August 30, 2024 Memorandum Opinion, I applied the Third Circuit's four-factor test on this issue to conclude that North Penn jointly employed Heckman for purposes of resolving that motion;[12] North Penn does not challenge that conclusion. Consequently, to resolve the present motion, I again conclude that UPMC and North Penn jointly employed Heckman.

North Penn seemingly strains to understand the profound implications of this conclusion. At oral argument, the Court asked the Defendants the following question: "If I conclude that North Penn and UPMC are joint employers … under the Fair Labor Standards Act, are they then jointly and severally liable for any blame, which is to say would Dr. Heckman only need to survive summary judgment against one in order to survive against the other?"[13]

In response to this question, counsel for UPMC agreed to this proposition.[14] North Penn's counsel responded accordingly by stating:

---

[11] *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 148 (3d Cir. 2014).
[12] Doc. 173 (Aug. 30, 2024 Mem. Op.) at 40-42.
[13] Doc. 169 (July 11, 2024 Oral Arg. Transcript) ¶¶ 40:1-6.
[14] *Id.* ¶¶ 40:7-18.

>Yes, Your Honor. I think that is – if there is joint employer, I don't think you could then dismiss the claim, though. If you determine that we are joint employers and that there was liability, we are both, then, in the case, at least for trial. So I think from a dismissal perspective, that that's a challenge. I would also posit it – posit that I have yet to see protected activity under the FLSA asserted in this case.
>
>So there's simply no evidence that under – that Dr. Heckman complained about any violation of the FLSA.[15]

Presumably counsel for the Defendants made this concession as joint and several liability for joint employers under the FLSA is a well-established point in this Circuit.[16]

It is well-taken that North Penn posited separate arguments concerning the merits of Heckman's FLSA claim.[17] But North Penn only moved for summary judgment as to the FLSA claim as a whole; therefore, I properly denied this portion of its motion given the surviving FLSA claim against UPMC. Should this case proceed to trial, it may prove necessary for the Court to resolve additional questions in a motion *in limine*, but I decline to do so prematurely. Consequently, I deny North Penn's Motion for Reconsideration.

---

[15] *Id.* ¶¶ 40:8-17.
[16] *E.g.*, *Thompson*, 748 F.3d at 148 ("… each joint employer may be held jointly and severally liable for the FLSA violations of the other, in addition to direct liability for its own violations.").
[17] In fact, a cursory review of these arguments suggests that North Penn has raised valid concerns with Heckman's claimed protected activity.

### C. Heckman's Motion for Reconsideration

Heckman also filed a motion for reconsideration of the Court's August 30, 2024 Memorandum Opinion. Before I turn to the substance of the motion, I note that I will disregard Heckman's failure to comply with the timing requirements of Local Rule 7.10. Defendants suffered no unfair prejudice from this delay as no substantial changes in the status of this case have occurred since August 30, 2024. To provide clarity before this matter proceeds to trial, it is necessary to address Heckman's motion despite its untimeliness.[18]

Heckman has asked the Court to reconsider its ruling in Defendants' favor on his False Claims Act ("FCA") and Pennsylvania Whistleblower Law ("PWL") claims. According to Heckman, the Court "made factual findings that are not appropriate for summary judgment."[19] But his Motion selectively highlights aspects of the record that have already been considered by the Court. As both Defendants have aptly persuasively identified, Heckman is attempting to get a "second bite at the apple."[20] All the materials he highlights were carefully considered by the Court when it evaluated the summary judgment motions. Nothing Heckman has raised in this Motion alters the Court's conclusion that his "actions were not calculated to stop

---

[18] I conclude that addressing this motion is in the interest of judicial economy. After all, the Third Circuit has recognized that "it [i]s not consistent with the wise exercise of discretion for the District Court to" not consider a motion for reconsideration where the issue raised is "fundamental" to the case. *Max's Seafood Café*, 176 F.3d at 678.
[19] Doc. 179 (Heckman's Brief in Support of Motion for Reconsideration) at 2.
[20] *Kropa*, 716 F. Supp. 2d at 378.

or prevent UPMC overreach into North Penn affairs. Rather, Heckman's focus was solely on preventing the discontinuation of North Penn's obstetrics practice."[21]

### D. Certification Regarding Interlocutory Appeal

Finally, Heckman seeks certification of the Court's granting of summary judgment on the FCA and PWL claims for interlocutory appeal under 28 U.S.C. § 1292(b). To certify my August 30, 2024 Order for interlocutory appeal, I would need to make the following findings: (1) "that such order involves a controlling question of law" (2) "which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation."[22] Heckman bears "[t]he burden to demonstrate that the three statutory conditions are satisfied …."[23] Certification is rarely granted "as it deviates from the strong policy against piecemeal litigation" and is a decision "wholly within [a] district court's discretion."[24]

I conclude that certification under § 1292(b) would be improper. There is no controlling question of law for the Court to certify to our Court of Appeals. Here, Heckman has only challenged the Court's application of the well-settled standard for summary judgment. "A question that appears to be a controlling question of law

---

[21] Doc. 173 (Aug. 30, 2024 Mem. Op.) at 35.
[22] 28 U.S.C. § 1292(b).
[23] *Howmedica Osteonics Corp. v. Howard*, No. 19-cv-19254 (EP) (AME), 2024 U.S. Dist. LEXIS 40518, at *3 (D.N.J. Mar. 6, 2024).
[24] *Id.*

7

but nevertheless presents a question about a court's application of the facts of the case to the established legal standards are not controlling questions of law for purposes of" § 1292(b).[25]

## III. CONCLUSION

The reasoning behind the Court's August 30, 2024 Memorandum Opinion remains sound. As such, both Motions for Reconsideration are denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[25] *Kao v. CardConnect Corp.*, No. 16-5707, 2019 WL 2615720, at *4 (E.D. Pa. June 26, 2019).