# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HECKMAN, | No. 4:20-CV-01680 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NORTH PENN COMPREHENSIVE HEALTH SERVICES and UPMC WELLSBORO, | |
| Defendants. | |

## MEMORANDUM OPINION

### OCTOBER 28, 2025

### I.     BACKGROUND

Plaintiff/Counterclaim Defendant Dr. Matthew Heckman ("Heckman") brought suit against Defendant/Counterclaim Plaintiff North Penn Comprehensive Health Services ("North Penn") and UPMC Wellsboro ("UPMC"). After a series of motions to dismiss, summary judgments, and amended complaints, two claims remain: Heckman's claim against North Penn and UPMC for a purported violation under the Fair Labor Standards Act ("FLSA") and North Penn's breach of contract counterclaim.[1]

A jury trial on these issues is scheduled to begin on December 1, 2025, approximately one month from the instant date.[2] North Penn has filed four motions

---

[1] Doc. 173 (Memo. Op.).
[2] Doc. 196 (Scheduling Ord.).

*in limine* relevant to the impending trial.³ North Penn requests the Court to 1) bar all evidence that Heckman engaged in a protected activity; 2) bar Heckman from attempting to re-interpret the Loan Agreement as violative of the parol evidence rule; 3) restrict Heckman from testifying to certain information and; 4) bar argument that Heckman was never paid for his work. UPMC has filed joinder briefs for motions 1, 3, and 4, and a non-opposition brief for motion 2. Heckman opposes all four motions.

For the reasons stated below, all four of North Penn's motions are denied.

## II.   DISCUSSION

### A.   Motion *in Limine* Standard

"Motions *in limine* are made prior to trial or the presentation of evidence in order to aid the clear presentation of evidence."⁴ "'[A] motion *in limine* is designed to narrow the **evidentiary** issues for trial and to eliminate unnecessary trial interruptions.'"⁵ "'Evidence should only be excluded on a motion *in limine* if it is clearly inadmissible on all potential grounds.'"⁶ "'The movant bears the burden of demonstrating that the evidence is inadmissible on all potential grounds.'"⁷

---

³ Docs. 197 (Mot. *in limine* 1), 199 (Mot. *in limine* 2), 201 (Mot. *in limine* 3), 203 (Mot. *in limine* 4).
⁴ *United States v. Ramsey*, No. 19-628, 2021 WL 4554642, at *2 (E.D. Pa. Oct. 5, 2021).
⁵ *Id.* (quoting *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (1990)) (emphasis added).
⁶ *Id.* (quoting *Hunt v. Drake*, No. 16-CV-1729, 2020 WL 3402343 (M.D. Pa. June 19, 2020)).
⁷ *Id.*

**B.    Analysis**

**1.    Motion to Preclude All Evidence of Heckman's Purported Protected Activity**

North Penn's first motion *in limine* requests that the Court bar basically all evidence related to Heckman's FLSA claim.[8] Heckman is correct in his characterization of this motion;[9] it essentially asks the Court to reopen summary judgment and decide substantively the merits of Heckman's claim.[10]

It would be improper for the Court to grant such a claim raised in a motion *in limine*.[11] "Applying the Third Circuit's ruling in *Bradley v. Pittsburgh Board of Education*, district courts in this Circuit have deemed improper motions *in limine* that seek to preclude all evidence that would support the other party's claims, explaining that such motions are essentially acting like . . . motions for summary judgment."[12] Nor will the Court reopen summary judgment this close to trial. Therefore, North Penn's first motion *in limine* is denied.

**2.    Motion to Bar Argument Under the Parol Evidence Rule**

Next, North Penn seeks to bar Heckman from asserting that the Loan Agreement should be prorated based on the months he worked at North Penn; North

---

[8]    *See* Doc. 198 (Br. in Supp., North Penn).
[9]    Doc. 211 (Br. in Opp.) at 1.
[10]   Doc. 200 (Br. in Supp., North Penn).
[11]   *Cote v. Schnell Indus.*, No. 4:18-CV-01440, 2022 WL 16815032, at *14 (M.D. Pa. Nov. 8, 2022) (Brann, J.) (refusing to grant a "motion for summary judgment masquerading as a motion *in limine*.").
[12]   *Id.* (internal quotation omitted).

Penn asserts that this is violative of the parol evidence rule.[13] Heckman argues that he is not attempting to change the underlying terms of the agreement, but rather to raise affirmative defenses that the agreement is unlawful.[14]

The parol evidence rule bars the use of extrinsic evidence to contradict an integrated agreement's terms.[15] Heckman's arguments, as proffered, do not violate this rule. For instance, it does not appear that Heckman is arguing that the parties actually agreed to pro-rate the Loan Agreement by months worked, nor that the Agreement included a term to forgive repayment if Heckman was fired.[16] To the extent that those arguments are raised at trial, they would be barred by the parol evidence rule, as the agreement is fully integrated and unambiguous.[17]

Rather than an issue of interpretation, Heckman raises affirmative defenses to breach of contract; specifically, that 1) the Loan Agreement's repayment clause is barred by public policy as an unenforceable penalty clause, and 2) North Penn should be barred from recovering under the unclean hands doctrine.[18] It seems, to the Court at least, that Heckman's references to the lack of pro-rating in the repayment clause are meant to highlight the unfairness of that agreement and to support its designation as an unenforceable penalty clause.[19] This is different than Heckman arguing, as

---

[13] Doc. 200 (Br. in Supp., North Penn) at 3-4.
[14] Doc. 209 (Br. in Opp.) at 1-3.
[15] *Yocca v. Pittsburgh Steelers Sports, Inc.*, 578 Pa. 479, 497 (2004).
[16] Doc. 209 (Br. in Opp.) at 1-2.
[17] Doc. 200-2 (Exhibit A – Loan Agreement) at ¶ 11.
[18] Doc. 209 (Br. in Opp.) at 1.
[19] Doc. 209 (Br. in Opp.) at 2.

North Penn suggests he will, that he was never in breach of the contract at all and attempting to change the underlying terms.[20] The former would not be a violation, while the latter would. Accordingly, at this point, the Court sees no anticipated violation of the parol evidence rule, and North Penn's motion is denied.[21]

### 3. Motion to Restrict Heckman's Testimony

North Penn next requests that the Court restrict Heckman's testimony about improper deductions.[22] North Penn contends that Heckman has changed his interpretation of what, exactly, his salary entailed and whether anything was

---

[20] Doc. 200 (Br. in Supp., North Penn) at 4. Doc. 212 (Reply Br., North Penn) at 2. In its Reply Brief, North Penn points to deposition testimony where Heckman discussed representations that Craig Osborn and Tracy Manning had made to him including that the loan would be forgiven incrementally. Doc. 212 (Reply Br., North Penn) at 4. To the extent that Heckman changes his proffered argument and attempts to argue this at trial, it would, of course, be barred by the parol evidence rule. However, the Court does not believe that this is what Heckman intends to argue.

[21] In this motion *in limine* argument, parties have also indirectly raised the issue of which party bears the burden of proof over the enforceability of the liquidated damages provision. *See* Doc. 212 (Reply Br., North Penn) at 2. Heckman claims that North Penn is responsible for proving reasonableness, while North Penn claims instead that it is Heckman who must show unreasonableness. *See id.*, Doc. 209 (Br. in Opp.) at 6-7. On this, North Penn is correct; indeed, the case that Heckman cites for the proposition that North Penn would have the burden explicitly states the opposite. Doc. 209 (Br. in Opp.) at 6-7; *Cardiology Care for Children Inc. v. Ravi*, No. 5:17-CV-4743, 2018 WL 1870717, at *4 (E.D. Pa. Apr. 18, 2018) ("The party asserting that the liquidated damages provision is unreasonable bears the burden of proof.") (internal quotation omitted). If Heckman seeks to dispute this, he should promptly file a motion with accurate legal support indicating otherwise. At this point, though, the Court agrees with North Penn—Heckman will have the burden of proof to show the liquidated damages provision was unreasonable.

[22] The Court finds North Penn's motion unclear as to what specific remedy is sought. *See* Doc. 202 (Br. in Supp., North Penn) at 1 (stating it seeks to restrict "testimony, evidence, and arguments regarding wages to only those that he has previously presented and admitted); at 2 (presenting the question involved as whether Heckman should "be barred from continuing to assert allegations that he was unpaid for his work"). To the extent that this motion has redundancy with the subsequent motion *in limine*, the Court will only address whether Heckman may claim that he was never paid for his work below in the fourth motion's analysis.

improperly deducted from it.[23] The Court finds that this is a disputed factual issue appropriate for the jury to decide.[24] Moreover, to North Penn's concern that Heckman has and will present contradictory answers about his earnings, North Penn retains the right to cross examine Heckman at trial—and that includes the ability to point out such inconsistencies.[25] At this point, however, the Court does not see it as a basis to preclude the presentation of such evidence to the factfinder. Accordingly, North Penn's motion is denied.

### 4. Motion to Bar Heckman From Arguing He Was Never Paid

In the fourth motion *in limine*, North Penn requests that Heckman be barred from asserting that he was never paid for his work at The Green Home. The Court has already touched on this issue, briefly, in the summary judgment memorandum.[26]

Once again, it appears that all parties are on the same page; Heckman was not paid for his work at The Green Home until after he was terminated, at which point he received a lump sum that contained said payment. To the extent that Heckman

---

[23] Doc. 202 (Br. in Supp., North Penn) at 3-4.
[24] What Heckman believed to be included in his salary, what Heckman reported to his supervisors, and what actually led to his firing all appear to be facts in dispute. North Penn claims that it is "undisputed" that "Heckman received all monies owed to him as part of his base salary and that his base salary was not subject to improper deductions," but Heckman does dispute these contentions. Doc. 202 (Br. in Supp., North Penn) at 4; Doc. 211 (Br. in Opp.) at 3.
[25] *See Equal Employment Opportunity Commission v. Smokin' Joe's Tobacco Shop*, No. 06-01758, 2007 WL 2728926, at *2 (E.D. Pa. Sep. 18, 2007).
[26] Doc. 173 (Memo. Op.) at 38 ("While it is true that Heckman was eventually paid for those services, that occurred after his termination, not before as UPMC suggests. UPMC cites no authority, nor is the Court aware of any, which stands for the proposition that belated payment of wages due moots a claim of retaliation.").

presents evidence at trial to suggest that he was *never* paid, North Penn should feel empowered to impeach such testimony. At this point, though, Heckman has not indicated any intent to argue to the contrary and, accordingly, North Penn's motion is denied.

### III. CONCLUSION

North Penn's motions *in limine* are denied. Parties should continue trial preparations and settlement negotiations.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge