IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HECKMAN, | No. 4:20-CV-01680 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NORTH PENN COMPREHENSIVE HEALTH SERVICES and UPMC WELLSBORO, | |
| Defendants. | |

**MEMORANDUM OPINION & ORDER**

**NOVEMBER 18, 2025**

Parties North Penn Comprehensive Health Services ("North Penn") and Matthew Heckman ("Heckman") have filed motions surrounding Ms. Bethany Hanbach (formerly Bethany Heckman) ("Hanbach") and her involvement in this suit. Hanbach and Heckman, previously married and now divorced, were named as defendants in North Penn's breach of contract counterclaim. Throughout the litigation, Heckman's counsel has asserted representation of Hanbach.[1] At the pretrial conference, there was dispute over whether Hanbach needs to appear at trial, given that Hanbach and Heckman's Marital Settlement Agreement ("MSA")

---

[1] Heckman's counsel frequently filed documents on behalf of "Bethany Heckman, Matthew Heckman." *See, e.g.,* Doc. 100; Doc. 131; Doc. 184. Moreover, Heckman's counsel implied at the pretrial conference that they represent Hanbach. However, the Court is not confident that Heckman's counsel is effectively representing Hanbach's interests, as Hanbach has called this Court asserting that she *does not* have legal counsel. At the very least, it seems that Heckman's counsel is not effectively communicating with Hanbach.

indemnifies Hanbach for any costs associated with the lawsuit.[2] Now, North Penn seeks to compel Hanbach's attendance at trial, and Heckman seeks to quash North Penn's subpoena.[3]

Preliminarily, despite the MSA, Hanbach remains a party to this litigation. While Hanbach may be indemnified by Heckman for any judgment or costs associated with the litigation, the MSA alone does not affect North Penn's rights to recover from her.[4] However, even though Hanbach is a party, North Penn may not compel her to be present throughout the entire trial;[5] the Court does not see why North Penn, as counterclaim plaintiffs, would have a right to insist that Hanbach, as counterclaim defendant, be present. If a defendant fails to appear, the court may

---

[2] Doc. 238-2 (MSA).
[3] Doc. 236 (Mot. to Compel); Doc. 238 (Mot. to Quash).
[4] The proper vehicle for this issue would be a cross-claim by Hanbach against Heckman. *See Nat'l R.R. Passenger Corp. v. URS Corp.*, 528 F.Supp. 2d 525, 532 (E.D. Pa. 2007) (explaining that "indemnification shifts the entire loss from one party to another" when there is an express contract to indemnify) (internal quotation omitted); *Besser Co. v. Paco Corp.*, 671 F.Supp 1010, 1013 (M.D. Pa. 1987). At this point, no such claim has been brought. The Court is dismayed with both Heckman and North Penn for not raising this issue sooner than two weeks before trial. This is especially so when motions *in limine* have already been filed and decided. After all, this case was set for a date-certain trial on March 3, 2025. *See* Doc. 196 (Sch. Ord.).

Moreover, the Court has serious concerns about whether Heckman's counsel has a conflict of interest in representing Hanbach (or purporting to represent her, as no one has filed *any* motion or claim solidifying her right to indemnity by Heckman). Hanback and Heckman sit on opposite sides of a marital agreement that shifts financial liability from one to the other. This provision also plainly includes attorney's fees. Thus, the Court is unsure why Hanbach is paying for counsel out of her own pocket, as Heckman's motion emphasizes. Doc. 238 (Mot. to Quash) at 1; Doc. 238-2 (MSA). Should this proceed to trial without independent counsel ably and adequately representing Hanbach, the Court may refer the matter to the appropriate ethical authority for investigation.

[5] *See Dinsel v. Pa. R. Co.*, 144 F.Supp. 883, 884 (W.D. Pa. 1956); *Edwards v. Logan*, 38 F.Supp. 2d 463, 466 n.2 (W.D. Va. 1999); *Kulas v. Flores*, 255 F.3d 780, 786 (9th Cir. 2001).

proceed to trial without them.[6] Yet, North Penn may compel Hanbach, under the subpoena power, to be present to testify.[7]

The Court is sensitive to Hanbach's concerns and the potential hardship she would incur from being forced to sit for several days of trial, waiting to testify.[8] Accordingly, we will proceed as follows: if North Penn persists in subpoenaing Hanbach to testify, she will be the first witness presented after opening statements on Monday, December 1, 2025. Both parties will have the opportunity to direct and cross examine Hanbach; then she will be excused if she so wishes.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[6] *See In re West 125th Street Liquors*, 615 B.R. 25, 30 (S.D.N.Y. 2020); *Rubin v. Johns*, 109 F.R.D. 174, 178 (D.V.I. 1986). There are several cases addressing similar issues in *habeas* petitions. *See, e.g., Smith v. Mann*, 173 F.3d 73, 76 (2d Cir. 1999); *Wilson v. Harris*, 595 F.2d 101, 103 (2d Cir. 1979). This Court has not been presented with or found anything suggesting otherwise, as North Penn has cited only case law about compelling parties to testify. Doc. 236 (Mot. to Compel) at 4.

[7] *See* FED. R. CIV. P. 45; *Holmes v. American Home Patient/Lincare*, No. 21-CV-01683, 2024 WL 1442171, at *1 (M.D. Pa. Apr. 3, 2024) (Brann, J.).

The Court is unsure what testimony Hanbach will provide, as North Penn explains only that they are "entitled to obtain testimony from Bethany [Hanbach] regarding North Penn's counterclaim and Bethany's affirmative defenses," saying they "will be prejudiced if denied the opportunity." Doc. 236 (Mot. to Compel) at 5. However, as Hanbach is a party, the court sees some relevance in establishing her identity for the jury, and will allow the subpoena to persist.

[8] Doc. 238 (Mot. to Quash) at 3.