IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW HECKMAN, | No. 4:20-CV-01680 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NORTH PENN COMPREHENSIVE HEALTH SERVICES and UPMC WELLSBORO, | |
| Defendants. | |

**MEMORANDUM OPINION & ORDER**

**NOVEMBER 20, 2025**

Plaintiff Matthew Heckman ("Heckman") and Defendants North Penn Comprehensive Health Services ("North Penn") and UPMC Wellsboro ("UPMC") filed pretrial memoranda for the upcoming trial to begin on December 1, 2025. In preparing for trial, and upon review of the memoranda, the Court became concerned by Plaintiff's interpretation of what he must prove at trial with regard to his FLSA claim. Accordingly, the Court gives this guidance to clarify the issues.

In his pretrial memorandum, Heckman states that: "[t]his Court has already determined at summary judgment that: (1) Plaintiff engaged in protected activity by complaining about unpaid wages; (2) North Penn and UPMC Wellsboro are joint employers under the FLSA; and (3) Plaintiff's FLSA retaliation claim survives against both Defendants."

To be entirely clear, the Court has *not* determined that Heckman engaged in protected activity by complaining about unpaid wages.[1] The Court did *not* grant summary judgment for Heckman on this element, and Heckman should not proceed as if it did. At summary judgment, and upon motion for reconsideration, the Court merely held that Heckman's claim could survive until trial, denying *Defendant's* motions for summary judgment.[2] Heckman must still present and argue evidence supporting the first element—that he engaged in a protected activity.

Specifically, to prove the first element alone, Heckman must establish that he filed a complaint about Defendants making improper deductions from his base pay,[3] and that this complaint was sufficiently clear for a reasonable employer to understand that Heckman was asserting rights protected by the FLSA.[4] Heckman must, of course, additionally prove up the other elements: that Defendants took an

---

[1] The Court has established, though, that North Penn and UPMC are joint employers for the purposes of this claim. Doc. 173 (MSJ Memo.) at 41; Doc. 185 (Reconsideration Memo.) at 4.

[2] Doc. 173 (MSJ Memo.) at 37-39 (holding that UPMC's argument's inconsistencies "preclud[e] summary judgment in favor of UPMC"); at 42 (finding the argument insufficient to grant summary judgment for either side); Doc. 185 (Reconsideration Memo.) at 5 (explaining that Heckman's claim was viable against UPMC and, thus, viable to its joint employer North Penn).

At no point in any of my former opinions have I granted Heckman summary judgment relating the FLSA elements, nor established that he did, in fact, engage in protected activity. That remains entirely Heckman's burden to show at trial.

[3] 29 C.F.R § 541.604(a); *see also Higgins v. Bayada Home Health Care Inc.*, 62 F.4th 755, 759 (3d Cir. 2023); *Sander v. Light Action, Inc.*, 525 F. App'x 147, 151 (3d Cir. 2013).

[4] *Kasten v. Saint-Gobain Perf. Plastics Corp.*, 563 U.S. 1, 14 (2011).

adverse employment action against him, and that there was a causal link between the protected action and the adverse action.[5]

The parties should be governed accordingly.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[5] *Kovach v. Turner Dairy Farms, Inc.*, 929 F. Supp. 2d 477, 499 (W.D. Pa. 2013) (quoting *Preobrazhenskaya v. Mercy Hall Infirmary*, 71 Fed. Appx. 936, 939 (3d Cir. 2003)).