**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MATTHEW HECKMAN, | No. 4:20-CV-01680 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| NORTH PENN COMPREHENSIVE HEALTH SERVICES and UPMC WELLSBORO, | |
| Defendants. | |

**MEMORANDUM OPINION**

**DECEMBER 4, 2025**

## I.    BACKGROUND

Dr. Matthew Heckman ("Heckman") sued North Penn Comprehensive Health Services ("North Penn") and UPMC Wellsboro ("UPMC") for violations of the Fair Labor Standards Act ("FLSA"). North Penn brought the instant counter claim against Heckman and his former wife, Bethany Hanbach, for breach of contract.[1]

North Penn claims that Heckman failed to repay a $60,000 loan given to him by North Penn at the start of Heckman's employment there ("the Loan Agreement"). The Loan Agreement provided a promissory note to Heckman that he was to repay

---

[1]    Bethany Hanbach, while technically a party to the instant litigation, has been absent from trial for a variety of reasons, chief among them an indemnification agreement between her and Dr. Heckman. For the purposes of this motion, I will refer only to "Heckman" as the counter-defendant, as he is the one litigating the case, but the term technically refers to both Heckman and Hanbach.

in five years with 6% interest; the Loan Agreement contained a provision that the loan would be forgiven if Heckman was still employed at North Penn after five years.[2] Heckman has raised three affirmative defenses to this claim: 1) Heckman's performance was prevented by North Penn; 2) North Penn's recovery is barred by the doctrine of unclean hands; and 3) the repayment provision is an unlawful penalty clause. The second and third, unclean hands and penalty clause, are matters for the Court to decide.[3]

Trial on these issues has now been completed, and the Court must decide the merits of the Heckmans' two affirmative defenses. For the reasons that follow, the Court finds that North Penn's recovery is not barred by the doctrine of unclean hands. Moreover, the Court finds that the loan agreement is not an unlawful penalty clause. Heckman has failed to meet his burden of proof on either claim and, thus, I find in North Penn's favor on both.

## II.    DISCUSSION

### A.    Unclean Hands

The unclean hands doctrine is an equitable remedy that "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter

---

[2]    Doc. 78-1 (Loan Agreement).
[3]    For unclean hands, *see In re New Valley Corp.*, 181 F.3d 517, 525 (3d Cir. 1999) ("As an equitable doctrine, application of unclean hands rests within the sound discretion of the trial court."); *Adkins v. Sogliuzzo*, 625 F. App'x 565, 572 (3d Cir. 2015) (same). For penalty clause doctrine, *see, e.g., Hanrahan v. Audubon Builders, Inc.*, 418 Pa. Super. 497, 503 (Pa. Super. Ct. 1992); *Cardiology Care for Childre, Inc. v. Ravi*, No. 17-CV-04743, 2018 U.S. Dist. LEXIS 66404 at *11 (E.D. Pa. Apr. 18, 2018).

in which he seeks relief, however improper may have been the behavior of the defendant."[4] The doctrine is meant to protect the Court's integrity,[5] barring recovery when a plaintiff's improper conduct shocks the conscience.[6] The party seeking to employ the doctrine must show that "'the party seeking relief has committed an unconscionable act immediately related to the equity the party seeks in respect to the litigation.'"[7] This misconduct can take the form of "fraud, unconscionability, or bad faith."[8] However:

> [M]isconduct in the abstract, unrelated to the claim to which it is asserted as a defense, does not constitute unclean hands. The concept invoking the denial of relief is not intended to serve as punishment for extraneous transgressions, but instead is based upon "considerations that make for the advancement of right and justice" . . . . What is material is not that the plaintiff's hands are dirty, but that he dirtied them in acquiring the right he now asserts, or that the manner of dirtying renders inequitable the assertion of such rights against the defendant.[9]

---

[4]  *Romero v. Allstate Ins. Co.*, 158 F. Supp. 3d 369, 374-75 (E.D. Pa. 2016).

[5]  *Thomas P. Carney, Inc. v. School Dist. Of Philadelphia*, 633 F. Supp. 1273, 1285 (E.D. Pa. 1986).

[6]  *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933); *In re Thorpe*, 755 F. App'x 177, 183 (3rd Cir. 2018).

[7]  *Kars 4 Kids Inc. v. Am. Can!*, 98 F.4th 436, 449-450 (3d Cir. 2024) (quoting *Highmark v. UPMC Health Plan, Inc.,* 276 F.3d 160, 174 (3d Cir. 2001)). This standard can be formulated into a variety of elements, but the key provisions are an unconscionable act related to the balance of equities. *See e.g. Imprisoned Citizens Union v. Shapp*, 11 F. Supp.2d 586, 608 (E.D. Pa. 1998) (describing the test as five elements); *Scherer Design Grp., LLC v. Ahead Eng'g LLC*, 764 F. App'x 147, 150 (3d Cir. 2019) (describing the same requirements in the two aforementioned elements).

[8]  *S& R Corp. v. Jiffy Lube Intern., Inc.*, 968 F.2d 371, 377 n.7 (3d Cir. 1992).

[9]  *Thomas P. Carney, Inc. v. School Dist. Of Philadelphia*, 633 F. Supp. 1273, 1285 (E.D. Pa. 1986) (quoting *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933).

"Application of the unclean hands doctrine is confined to *willful* misconduct which concerns the *particular matter in litigation*."[10] Additionally, the party invoking unclean hands must prove this through "clear, convincing evidence of 'egregious' misconduct."[11]

Heckman has not met its burden to prove that North Penn had "unclean hands" such that it should equitably be barred from recovery. Heckman contends that his firing for a variety of reasons is the type of misconduct that should bar North Penn from recovering. The evidence presented falls far short of the standard to invoke the unclean hands defense. First, Heckman has not shown clear and convincing evidence of fraud, unconscionability, or bad faith[12] which "shocks the conscience."[13] Heckman presented a variety of complaints he made about the structure of OB services and his conditions of employment generally,[14] but the Court is far from convinced that his firing was improper at all, let alone that it was so egregious to be an unconscionable act.[15] Second, even if Heckman had established that his firing

---

[10]   *Shapiro v. Shapiro*, 415 Pa. 503, 506 (1964); *E.G.O-R. v. D.J.R.*, No. 480 MDA 2018, 2019 WL 1057420, at *6 (Super. Ct. Pa. 2019); *see also Adkins v. Sogliuzzo*, 625 F. App'x 565, 572 (3d Cir. 2015).

[11]   *Citizens Fin. Group, Inc. v. Citizens Nat. Bank of Evans City*, 383 F.3d 110, 129 (3d Cir. 2004) (quoting *Ciba–Geigy Corp. v. Bolar Pharm. Co., Inc.*, 747 F.2d 844, 855 (3d Cir.1984)).

[12]   *See supra*, note 7.

[13]   *See supra*, note 6.

[14]   *See* Plaintiff's Exhibit 1 ("PX1").

[15]   Indeed, the Court properly dismissed all Heckman's claims for violations under the False Claims Act and the Pennsylvania whistleblower laws. *See* Doc. 173 (Memo.). Moreover, the Court granted North Penn and UPMC Wellsboro's motion for judgment as a matter of law on Heckman's Fair Labor Standards Act claim. Thus, Heckman has shown no violation of law causing his firing. The Court is rather convinced that the firing of Heckman was justified given his "long period of substandard behaviors and lack of alignment with Laurel values." *See*

rose to the level of unconscionability, there is not the close link between the unconscionable act and the right to recovery necessary for a finding of unclean hands.[16] Assuming for a second that the firing of Heckman was wrongful at all, Heckman has not proven that the firing was related to North Penn's desired recovery under the Loan Agreement.[17] Accordingly, I find that Heckman has not met his burden to prove unclean hands, and find in favor of North Penn accordingly.

## B.    Penalty Clause

Contract provisions that seek to penalize breach by requiring payment of a set sum in the event of a party's non-performance of the contract are known as "penalty clauses."[18] In contrast, contracts may include a provision allowing for liquidated damages in the event of breach, where a stipulated sum is agreed to be paid upon breach in a good faith effort to estimate ex-ante the actual damages that would

---

PX12. Regardless, the circumstances leading to Heckman's dismissal do not rise to the level of unconscionability.

[16]    *See supra*, note 8.

[17]    There was no testimony, for instance, that North Penn fired Dr. Heckman intending to specifically preclude him from meeting the forgiveness provision in the Loan Agreement. Of the documents Heckman has presented tending to show the cause of his firing, none mention repayment of the Loan Agreement at all. It appears to the Court that the Loan Agreement was an afterthought rather than a motivating reason for his firing.

[18]    *Pantuso Motors, Inc. v. CoreStates Bank, N.A.*, 568 Pa. 601, 608-609 (2002) (defining a penalty clause as "not [a] pre-estimate of probable actual damages, but [a] punishment, the threat of which is designed to prevent the breach.") (internal quotation omitted).

ensue.[19] The party seeking to bar a contract as a penalty has the burden to prove unreasonableness of a liquidated damages provision.[20]

The Court fails to see how the forgiveness provision is either a liquidated damages clause or a penalty clause; rather, the Heckmans' repayment of the Loan Agreement was "the substance of the contract."[21] In this case, the Loan Agreement at issue provided for a $60,000 "loan" to Heckman and Hanbach as "borrowers," and it included a forgiveness provision whereby Heckman and Hanbach would not need to pay back the loan if Heckman was still employed five years after beginning.[22] The Loan Agreement is a standalone contract between Heckman and North Penn. Heckman's expected performance under the agreement was not that Heckman agreed to be employed by North Penn for five years, as Heckman contends, it was instead repayment of the loan with interest. North Penn's performance was supplying Heckman with the promissory note.[23] Therefore, the provision was not designed to penalize Heckman upon breach, as breach would be non-repayment of

---

[19] *See id.* (defining liquidated damages as "the sum a party to a contract agrees to pay if he breaks some promise, and which, having been arrived at by a good faith effort to estimate in advance the actual damage that will probably ensue from the breach, is legally recoverable . . . if the breach occurs.") (internal quotations omitted).

[20] *Cardiology Care for Children Inc. v. Ravi*, No. 5:17-CV-4743, 2018 WL 1870717, at *4 (E.D. Pa. Apr. 18, 2018).

[21] *Dean v. Nelson*, 77 U.S. 158, 170 (1869) (explaining that an acceleration clause upon default was not an unlawful penalty). *See also Finkle v. Gulf & Western Mfg. Co.*, 744 F.2d 1015, 1023-24 (3d Cir. 1984) (noting that the obligor's objection to an acceleration clause was an objection "simply to its obligation to pay" and collecting cases).

[22] *See* DX261 (Loan Agreement).

[23] *Id.*

the Loan Agreement which is, again, the substance of the agreement itself.[24] Accordingly, I find that Heckman has not met his burden to prove that the Loan Agreement's forgiveness provision constitutes an unlawful penalty clause.[25]

## III.    CONCLUSION

Heckman has failed to meet his burden on either affirmative defense submitted to the Court, unclean hands or penalty clause. Accordingly, I find in favor of North Penn for both defenses.

An appropriate order follows.


BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[24] Heckman's argument, that the repayment is a "penalty clause," rewrites the contract to be an employment agreement with a signing bonus and a repayment provision if he left / terminated his employment. That description does not accurately reflect the Loan Agreement's terms. Instead, it is a Loan Agreement with a forgiveness provision, with his employment in five years there a condition precedent to forgiveness. Heckman's performance was not to be employed for five years, it was to repay the loan with interest. It is nonsensical to argue that the repayment provision was to penalize non-performance, when performance would be the repayment itself.

[25] Even if the forgiveness provision could be considered a separate, penal provision as opposed to the terms of the agreement, it would still not be an unlawful penalty. As breach would be the Heckmans' non-repayment of the $60,000, a provision entitling North Penn to recover $60,000 plus 6% interest would be a reasonable approximation of damages. *See Hanrahan*, 418 Pa. Super. at 503. Pursuing this line of logic demonstrates exactly why the provision is not a penalty clause; the $60,000 plus interest is exactly North Penn's damages from the Heckmans' breach, because that was the Heckmans' obligation under the contract.